[Civ. No. 1950. Second Appellate District.—February 15, 1916.]

JOHN CASTERA, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF LOS ANGELES and FRANK G. FINLAYSON, Judge Thereof, Respondents.

IMPRISONMENT IN STATE'S PRISON—EFFECT ON CIVIL RIGHTS.—Under section 673 of the Penal Code, a sentence of imprisonment in a state prison for any term less than for life suspends all the civil rights of the person so sentenced, and forfeits all public offices and all private trusts, authority, or power during such imprisonment.

ID.—RIGHT TO SUE CONVICT.—Even where conviction of a felony results in civil death (as it does in this state upon a sentence of imprisonment for life), the weight of authority is apparently in harmony with the English doctrine to the effect that the convict still remains subject to be sued.

ID.—IMPRISONMENT OF PLAINTIFF IN PENITENTIARY—RIGHT OF DEFENDANT TO PROCEED—MANDAMUS.—Notwithstanding the imprisonment of the plaintiff in a civil action in the state prison, upon the conviction of a felony, after the filing by him of a complaint in the civil action, the defendant in the action has the right to have the action proceed, and upon the court's refusal to proceed with the case, *mandamus* will issue to compel it.

APPLICATION originally made in the District Court of Appeal for the Second Appellate District for Writ of Mandamus to compel respondents to restore a civil action to the calendar of the court and to proceed and determine the same.

The facts are stated in the opinion of the court.

Slosson & Mitchell, for Petitioner.

Henry W. Nisbet, for Respondents.

CONREY, P. J.—*Mandamus.* There is now pending in the Superior Court of the county of Los Angeles and in the de-

partment thereof presided over by the respondent judge, an action in which one J. E. Youtz is plaintiff and the petitioner is one of the defendants. Petitioner and other defendants in that action, having been duly served with summons, filed a demurrer to the complaint. After the filing of his complaint, the plaintiff Youtz was imprisoned in the state penitentiary pursuant to his conviction of a felony, and is now undergoing a three years' term of imprisonment. On account of such imprisonment of the plaintiff, the respondent judge has ordered said demurrer stricken from the calendar and refuses to hear and determine the same or proceed further in said cause. The petitioner seeks a peremptory writ of *mandamus,* commanding that said cause be restored to the calendar of said court and that the court proceed to hear and determine the same.

To this petition a general demurrer is filed, alleging that the petition does not state facts sufficient to entitle the plaintiff to the relief sought by him. It is understood by the parties that our determination of this demurrer is to dispose of the case without further hearing. Permission was granted respondents' counsel to file a brief in support of the demurrer, but no brief has been presented.

"A sentence of imprisonment in a state prison for any term less than for life suspends all the civil rights of the person so sentenced and forfeits all public offices and all private trusts, authority, or power during such imprisonment." (Pen. Code, sec. 673.) We are not aware of any decision covering the precise question involved in this matter. It is stated that even where conviction of a felony results in civil death (as it does in this state upon a sentence of imprisonment for life), the weight of authority is apparently in harmony with the English doctrine to the effect that the convict still remains subject to be sued. (8 Ruling Case Law, p. 707, and citations there found.) This doctrine is specifically recognized in this state in the statutory provisions allowing a divorce to be granted upon proof that defendant has been convicted of a felony.

To say that a defendant in a civil action is obliged to submit to the continued pendency of an action against him under these circumstances, because the plaintiff is undergoing a sentence of the kind herein described, would be to impose upon the defendant a punishment for the plaintiff's crime. The sentence might be for a long term of years and all of defend-

ant's property might be subject to an attachment in the action, and yet the defendant would be without relief, no matter how groundless in fact the action might be. This cannot be the law. The interests of the plaintiff in such an action will ordinarily be sufficiently protected by the vigilance of the attorneys who have charge of his case; but if in any case he is not so protected, the loss should fall upon him rather than upon those unconnected with his offense.

Let the peremptory writ issue as demanded.

James, J., and Shaw, J., concurred.