THE PEOPLE, Respondent v. WILLIAM J. McNALLY,
Appellant.

William J. McNally, in pro. per., and William Bronsten,
under appointment by District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E.
James, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was found guilty of grand theft
by the jury. A motion for a new trial was argued and
denied. Judgment was entered October 15, 1953.  No appeal was taken from the judgment or order denying the motion for a new trial.  The record reveals, as recited in respondent's brief that, ''. . . on or about April 23, 1954, the
defendant filed with the Clerk of the Superior Court, a
'Motion for the trial records,' noticing it for hearing 'for

the master calendar.' On May 17, 1954, McNally also filed with the court his 'Application for Permission of the Court to File Certain Amendments to Original, Pending Motion for Trial Records.' The motion for the trial records, as amended, came on for hearing and the same was denied on June 1, 1954. On June 9, 1954, McNally filed with the Clerk of the Superior Court a notice of appeal from the order of the court denying his motion for records. The record on appeal in that case was filed with this Honorable Court and assigned 2d Criminal No. 5241.

"On respondent's motion to dismiss noticed for September 14, 1954 the appeal (2d Crim. No. 5241) was ordered dismissed and the remittitur issued on or about the 14th of October, 1954, and was filed with the Clerk of the Superior Court October 18, 1954.

"Thereafter, and on or about October 19, 1954, there was filed with the Clerk of the Superior Court defendant McNally's 'Motion to Annul, Vacate and Set Aside Judgment and Conviction.'

"On November 22, 1954 the motion of the defendant to annul, vacate and set aside the judgment and conviction was denied. On November 30th, the notice of appeal was filed commencing the instant appeal."

Appellant appears in propria persona. It is argued that the motion to annul, vacate and set aside the judgment was in the nature of *coram nobis*. It is contended by appellant:

1. That defendant did not have effective aid of counsel;

2. That judgment was pronounced against defendant although he claimed that he had shown sufficient cause why judgment should not be pronounced;

3. That defendant had requested the court for change of attorney and the court did not act upon his request;

4. That judgment was pronounced even though he was not represented by counsel of his choice;

5. That he was not informed of his rights;

6. That "inherently improbable and prejurious testimony" was used by the prosecution in presenting the case against him;

7. That irrelevant and immaterial facts were brought out by the prosecution;

8. That defendant was subjected to double jeopardy in that there were two different statements of the one alleged offense;

9. That the court failed to give a customary instruction on the introduction of alleged extrajudicial admissions;

10. That witnesses that defendant had requested were not called; and

11. "Further facts that defendant's court-appointed counsel may be able to present to this Court."

█ That the court's order denying defendant's motion is supported by the record and the law there is no question. Obviously, defendant's remedy with regard to all of the above noted contentions, was by appeal. Failure to appeal does not, as a matter of law, justify resort to "coram nobis." The law with regard to *coram nobis* is well settled and its application is limited. It is unnecessary to cite and quote from the many decisions on this subject. █ As, argued by respondent, "Under the circumstances, the trial court had no alternative but to deny the motion to annul, vacate and set aside the judgment. In a case such as this, the burden is on the applicant for the relief to produce convincing proof of a fact which constitutes legal ground for setting aside the judgment. The presumption that the judgment is valid in all respects is strong. It is clear that the appellant failed in the trial court to overcome this strong presumption and that he is entitled to no relief from an appellate court. *People* v. *Shorts*, 32 Cal.2d 502, 508 [197 P.2d 330].

█ "Of course, matters not presented to the court below (contention number 11) cannot be considered on appeal. *People* v. *Bailey*, 105 Cal.App.2d 150, 153 [232 P.2d 518]."

The order is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied July 26, 1955.