[Crim. No. 3144. First Dist., Div. One. Mar. 22, 1956.]

THE PEOPLE, Plaintiff, v. DONALD BRYCE LAWRENCE, Appellant; FIREMAN'S FUND INDEMNITY COMPANY, Respondent.

134

Donald Bryce Lawrence, in pro. per., for Appellant.

Saul M. Weingarten for Respondent.

BRAY, J.—Appellant was charged with two counts of second degree burglary: (1) taking watches from a certain jewelry store, and (2) taking approximately $200 from the Mission Inn. A jury convicted him on the first count but acquitted him on the second count. At the time of his arrest defendant had on his person the sum of $114.21 which was used as evidence at the trial. After the trial defendant made written request to the county clerk for the return to him of this sum. Thereafter Fireman's Fund Indemnity Company, as subrogee of La Cantina Restaurant at the Mission Inn, filed in the criminal proceeding a "Claim for Return of Stolen Property," alleging that $198.40 was stolen from and was the property of said restaurant, that said sum came into the possession of peace officers on defendant's arrest and was then delivered into the custody of the court. Its return was then requested. The trial court set a date for the hearing of this claim, causing notice thereof to be sent to appellant at San Quentin where he is incarcerated because of his conviction on the first count. At the hearing, Fireman's Fund was represented but appellant was not, nor did he appear. He did, however, send a letter to the court clerk contesting the hearing as being illegal, claiming the money was his, and pointing out his inability to be present.

The transcript of the testimony at the criminal trial was admitted in evidence and the court rendered judgment in

favor of Fireman's Fund for delivery to it of "$198.40" now in the custody of the court.* Appellant appeals from that judgment.

## QUESTIONS PRESENTED

1. Has appellant because of loss of his civil rights any standing in this proceeding?

2. Is this proceeding proper?

### 1. *Civil Rights.*

"A sentence of imprisonment in a State prison for any term less than life suspends all the civil rights of the person so sentenced . . ." (Pen. Code, § 2600.)

 The weight of authority in this country is that notwithstanding provisions similar to the above a person sentenced to prison for a term of years is still liable to be sued and that this liability necessarily carries with it the right to defend. (See 18 C.J.S. p. 106, § 7b.) California follows this rule. (See *Castera* v. *Superior Court,* 29 Cal.App. 694, 695 [159 P. 735]; *Coffee* v. *Haynes,* 124 Cal. 561 [57 P. 482, 71 Am.St.Rep. 99]; *Emmanuel* v. *Sichofsky,* 198 Cal. 713 [247 P. 205, 48 A.L.R. 580].) *"In re Gainfort,* 14 F.Supp. 788, states that the status of convicts in regard to civil rights in California is rather uncertain and that the trend of the law is to lessen the severity and harshness of the common-law penalties in relation to convicts, their property and rights; and that this is in accord with the modern notion that imprisonment of a felon is rather a means for protecting society than a punishment imposed upon an individual." (*Hall* v. *Hall,* 98 Cal.App.2d 209, 213 [219 P.2d 808].) Defendant, therefore, is entitled to defend in this proceeding and to appeal from the judgment. However, he is not entitled to be personally present at any part of the proceedings. (See *In re Bagwell,* 26 Cal.App.2d 418, 420 [79 P.2d 395].)

### 2. *Is This Proceeding Proper?*

 Fireman's Fund contends that the right to bring this proceeding is provided by sections 1409 and 1410, Penal Code. Section 1409 provides: *"If property stolen or embezzled* comes into custody of the magistrate, it must be delivered to the owner on satisfactory proof of his title, and on his paying the necessary expenses incurred in its preservation, to be certified by the magistrate." (Emphasis added.)

---

*This discrepancy between the $198.40 ordered delivered and the $114.21 taken from appellant is not explained.

Section 1410 provides: "If the property stolen or embezzled has not been delivered to the owner, the court before which a trial is had for stealing or embezzling it may, on proof of his title, order it to be restored to the owner."

In *Modern Loan Co.* v. *Police Court,* 12 Cal.App. 582 [108 P. 56],* it was held that section 1408 (dealing with return to the owner of such property by the magistrate before whom the complaint that property is stolen or embezzled is laid), and section 1409, are void insofar as they are applicable to search warrant proceedings. "One who is in possession of property under a claim of right cannot be deprived of its possession without due process of law; and in order to constitute due process of law, there must be notice of the time and place of hearing and an opportunity to be heard. (*Murray* v. *Hoboken Land & Imp. Co.,* 18 How. (U.S.) 272, 280 [15 L.Ed. 372] ; 22 Cyc., pp. 72 and 73 ; *People* v. *Granice,* 50 Cal. 447.) The statute should give the parties interested in the property an opportunity of presenting, in a deliberate, regular and orderly method, issues of fact and of law to the court or to a court and jury unless a jury is waived. Under these two sections, irrespective of the value of the property, and without any right of appeal, and without the slightest notice —indeed immediately upon the return of the warrant—the magistrate may proceed to the 'proof of the ownership or of title' to the property and make an award. A proceeding permitting this contravenes the provisions of the state and federal constitutions that a person cannot be deprived of his property without due process of law. It is no answer to the objection urged that the magistrate quite probably will see to it in each case that notice and an opportunity to be heard are given, for the right of a person to his day in court must rest on something more substantial than favor or discretion. It is essential to the validity of a statute that it furnish the means whereby one may enforce his constitutional right." (Pp. 585-586.)

"The property" referred to in section 1408 is the property mentioned in section 1407 "When property, *alleged* to have been stolen or embezzled . . ." (Emphasis added.) Section 1409 refers to "property *stolen or embezzled.*" (Emphasis added.) Section 1410 refers to the same property stated in section 1409 "If the property *stolen or embezzled . . .*"

---

*Quoted with approval in *Angelopulos* v. *Bottorff,* 76 Cal.App. 621 [245 P. 447].

(Emphasis added.) Thus the Modern Loan case constitutes a holding, so far as search warrant proceedings are concerned, that whether the property is *merely alleged* to be stolen or *is* stolen, the failure of the code to provide a procedure for hearing claims to its ownership, with notice to the person from whose possession the property was taken into custody of the law, makes any purported proceeding under any of these sections void.

We see no reason why the language and the reasoning of that case should not apply to the situation in our case. ▮ As said in that case (p. 587) : ''. . . actual possession is a most valued right and is an essential part of property, and no one, consistent with constitutional safeguards, can be deprived of the possession or title to property, or of any other substantial right, without reasonable notice and an opportunity to be heard. As said by the Supreme Court in *Meacham* v. *Bear Valley Irr. Co.*, 145 Cal. 606 [79 P. 281, 68 L.R.A. 600] : 'The guarantee of the constitution that he shall not be deprived of his property without due process of law gives him the right to be heard in its defense against any claim that may be made against him for its. possession.' '' ''As said by the supreme court of this state in *In re Lambert*, 134 Cal. 626, 634 [66 P. 851, 854, 86 Am.St.Rep. 296, 55 L.R.A. 856] : 'In the absence from the statute of any requirement of notice to the person, any notice that might be given would be without legal force and authority, and consequently, whether acted upon by him or disregarded, the proceeding would be equally ineffective. ''It is not enough that he may by chance have notice, or that he may as a matter of favor have a hearing. The law must require notice to him, and give him the right to a hearing and opportunity to be heard. The constitutional validity of a law is to be tested, not by what has been done under it, but what may by its authority be done.'' (*Stuart* v. *Palmer*, 74 N.Y. 183, 188 [30 Am.Rep. 289].) It is not what has been done, or ordinarily would be done, under a statute, but what might be done under it, that determines whether it infringes upon the constitutional right of the citizen. The constitution guards against the chances of infringement.' (*Bennett* v. *Davis*, 90 Me. 102, 105 [37 A. 864, 865].)'' (P. 586.)

In the Modern Loan case (p. 594) the court pointed out that the ordinary action of claim and delivery was provided by the law as the means to determine the right of possession of property.

Presumptively the money taken from defendant belonged to him. Conviction of a crime does not work a forfeiture of the person's property. (Pen. Code, § 2604.) While it very well may be, as the court here found, that this was stolen property, such fact must be determined by due process of law. The sections upon which the court based its judgment being void as applicable to the facts of this case, the procedure and judgment are also void. It therefore becomes unnecessary for us to determine the sufficiency of the evidence to support the court's findings.

The judgment is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied April 6, 1956, and appellant's petition for a hearing by the Supreme Court was denied April 18, 1956.