[Crim. No. 3279.   First Dist., Div. Two.   Sept. 20, 1956.]

In re WILLIAM J. McNALLY, on Habeas Corpus.

*Assigned by Chairman of Judicial Council.

William J. McNally, in pro. per., for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

DRAPER, J. pro tem.*—Petitioner is an inmate of San Quentin Prison. By this writ of habeas corpus he seeks enforcement of a number of claimed rights. Petitioner alleges that he has been named as defendant in a civil action brought in Los Angeles County, that he applied to the Adult Authority for restoration of his civil rights to the extent of permitting him to engage named counsel for defense of that action, and that such application was denied. None of these allegations is controverted.

"A sentence of imprisonment in a State prison for any term less than life suspends all the civil rights of the person so sentenced . . . But the [Adult Authority] may restore to said person during his imprisonment such civil rights as the board may deem proper," with exceptions not material here. (Pen. Code, § 2600.)

One imprisoned is still liable to be sued, and "this liability necessarily carries with it the right to defend." (*People* v. *Lawrence*, 140 Cal.App.2d 133 [295 P.2d 4].) This right is qualified by the rule that the prisoner is not entitled to be personally present at any part of the proceedings. (*People* v. *Lawrence, supra; In re Bagwell*, 26 Cal.App. 2d 418, 420 [79 P.2d 395].)

It follows clearly that the prisoner is entitled to representation by counsel in such a civil proceeding. Certainly his right to defend would be wholly illusory if, lacking the right to be present in person, he could also be denied the right to employ counsel. Thus the application for limited restoration of rights should have been granted.

"The writ of habeas corpus has been allowed to one

---

*Assigned by Chairman of Judicial Council.

lawfully in custody as a means of enforcing rights to which, in his confinement, he is entitled." (*In re Chessman,* 44 Cal. 2d 1, 9 [279 P.2d 24] and cases cited.)

It is therefore ordered that the civil rights of petitioner be and be deemed restored to the limited extent of permitting him to employ counsel to present his defense in the civil action described in his petition.

The other points raised by the petition have been determined adversely to petitioner in other proceedings (*People* v. *McNally,* 134 Cal.App.2d 410 [285 P.2d 716]; *In re McNally,* 46 Cal.2d 307 [293 P.2d 777]), or are wholly without merit. In all respects save that outlined above, the order to show cause is discharged and the petition denied.

Nourse, P. J., and Kaufman, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied October 17, 1956.