**UNITED STATES of America, Plaintiff,**

v.

**Harry PACK and Anna Pack, Defendants.**

**UNITED STATES of America, Plaintiff,**

v.

**David PACK and Rene Pack, Defendants.**

**Civ. A. Nos. 3454, 3455.**

United States District Court
D. Delaware.

June 10, 1968.

Alexander Greenfeld, U. S. Atty., Wilmington, Del., Robert E. Ferguson, Dept. of Justice, Washington, D. C., for plaintiff.

S. Samuel Arsht and Johannes R. Krahmer, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants.

## OPINION

LAYTON, District Judge.

On December 14, 1967, the United States filed complaints in two separate actions asking that this Court reduce to personal judgment certain deficiencies in income taxes determined by the Tax

Court of the United States. Defendants, before answering, filed motions to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Defendants' argument is that inasmuch as the jurisdiction of this Court is invoked pursuant to 26 U.S.C. § 7402,[1] the government must show that the judgments which it seeks are "necessary or appropriate for the enforcement of the internal revenue laws." [2] The defendants contend that the instant action is superfluous as the government already has personal judgments against the defendants for the taxable years in question, to wit, Tax Court judgments.[3] Thus, they urge that the judgments now sought are not "necessary or appropriate."

The facts, for the purposes of the motions, are not in dispute. In 1952, the District Director of Internal Revenue at Wilmington, Delaware, made jeopardy assessments for tax deficiencies against the defendants. Tax collection waivers were executed extending the statute of limitations for the collection of the assessments by levy or by proceedings in Court until December 31, 1967. On June 17, 1959 and June 19, 1959, the Tax Court of the United States entered orders determining the deficiencies which had been assessed previously by the District Director.

Basically, the issue before this Court is whether or not it should permit the government in effect to extend the statute of limitations period beyond the December 31, 1967 date to which the defendants consented.

Title 26 U.S.C. § 6502(a) provides:

"Length of Period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period (or, if there is a release of levy under section 6343 after such 6-year period, then before such release.)

The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The period provided by this subsection during which a tax may be collected by levy shall not be extended or curtailed by reason of a judgment against the taxpayer."

The purpose of the statute of limitations was explained in the Senate Finance

---

1. More particularly, the complaint alleges jurisdiction under Sections 1340 and 1345 of the United States Code, Title 28, as well as Section 7402 United States Code, Title 26.

2. Defendants' argument is based on the fact that § 7402(a) provides, in pertinent part: "The district courts of the United States * * * have jurisdiction * * * to render such *judgments, and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.*" The defendants are unable to point to any legislative history or case law which requires any particular showing of necessity. Nor do they show why continued pursuit of a delinquent taxpayer is not sufficient "necessity" for the purposes of Section 7402. (emphasis added)

3. The defendants argued at some length that Tax Court judgments have the same effect as any judgment that this Court can render. In support of their position, the defendants point out that judgments of the Tax Court are res judicata in collateral district court proceedings and that under Sections 6321–6344, the government could proceed to execute on Tax Court judgments as it could judgments of this Court. The material fact here is that judgments of this Court would extend the time for collection against the defendant taxpayers beyond the period afforded the government under the Tax Court judgments and so, at least, for this purpose, there is a distinction between the judgments.

Committee Report made in connection with the Revenue Act of 1924:

"In order to protect the taxpayer further, a limitation of six years after the assessment of the tax has been placed upon proceedings in Court and distraint for its collection." S.Rept. No. 398, 68th Cong., 1st Sess. 32.

During the course of argument, the case of United States v. Teitelbaum was brought to the attention of the Court. 342 F.2d 672 (C.A. 7, 1965). In that case, the United States brought an action in the Northern District of Illinois under § 7401 and § 7402 of the Internal Revenue Code to reduce deficiency determinations by the Tax Court to personal judgment. The district judge granted the government's motion for summary judgment as to three of the years in question and denied it as to the years 1958 and 1961.[4] The Seventh Circuit affirmed the summary judgment recognizing squarely that the judgment would amount to an extension of the statute of limitations.[5]

The defendants in this case have been unable to distinguish the Teitelbaum case

in any way.[6] The case, of course, is not absolutely binding upon this Court; its authority, however, is certainly weighty.

Although the Congress has provided a six year statute of limitations for instituting actions to collect tax deficiencies, it has not provided any sort of statute of limitations as to the total period in which the government may pursue delinquent taxpayers.[7] In fact, the defendants concede that if this action were based on 26 U.S.C. § 7403, seeking specific property of the defendants, the government's action would be entirely appropriate. This Court is unable to discern a distinction between the use of the procedure outlined in § 7403 with that made available under § 7402 insofar as concerns extending the statute of limitations provided in § 6502. As long as the government commences its action within the permitted time, this Court will permit the government to proceed.

Accordingly, defendants' motions are denied.

Submit Order.

---

4. The defendants' arguments as to the significance of the Illinois District Court's failure to grant summary judgment for the years 1958 and 1961 notwithstanding, the explanation for the action probably lies in the fact that the Teitelbaum complaint recites that assessments had been made by the District Director for the five years in question but only recites Tax Court judgments for the years 1949, 1950 and 1951. Apparently, there were no Tax Court judgments for the two years for which summary judgment was denied. If the amount of the assessments for 1958 and 1961 were going to be contested, there would have been issues of fact for the District Court to decide which would have precluded summary judgment for these years.

5. United States v. Teitelbaum, supra, at page 673.

6. In a letter memorandum addressed to the applicability of the Teitelbaum case, the defendants argued:
   "Furthermore, in the Teitelbaum case it is not clear from the Seventh Circuit's opinion whether the action was brought under § 7403 of the Code to enforce a lien or, as the instant case, under § 7402. The Teitelbaum case might be distinguishable on that ground, since defendants here admit that an action seeking relief under § 7403 would not be subject to dismissal by the pending motion."
   The government has introduced into the record here a copy of the Teitelbaum complaint, which shows that the jurisdictional basis relied upon in Teitelbaum was in fact 26 U.S.C. § 7402.

7. See Mertens, Federal Income Taxation, Vol. 10, § 57.79 at page 158.