**UNITED STATES of America, Plaintiff,**

v.

**Charles Oran MENSIK, Defendant.**

**Civ. A. No. 69–521.**

United States District Court, M. D. Pennsylvania.

Dec. 31, 1971.

---

Harry A. Nagle, Lewisburg, Pa., for plaintiff.

Charles Oran Mensik, pro se.

OPINION

MUIR, District Judge.

Before the Court are three motions in this action brought by the United States to reduce to judgment certain unpaid federal tax claims outstanding against Defendant for the years 1953, 1954, 1955, 1956, and 1960. The Defendant, proceeding *pro se*, has moved to dismiss the complaint, and the Government has moved for summary judgment and to amend the complaint.

The Government filed this action on December 31, 1969, and the summons and complaint were served personally on Defendant on January 29, 1970, at the United States Penitentiary, Lewisburg, Pennsylvania where he was an inmate. On February 24, 1970, Defendant filed an Answer setting forth the defenses that the Government's action is not timely and that the Court lacks jurisdiction, denying tax liability of $1,611,-636.97, as alleged in the Complaint, and demanding an itemization of the taxes claimed. The case was placed on the Rule 21–A list which contains the names of all cases in which there has been no activity for more than one year. On May 18, 1971, the Government filed a praecipe to place the case on the trial list, ostensibly to remove it from the 21–A list.[1] In response to this praecipe, the case was listed for trial.

The Government then filed the instant Motion for Summary Judgment. In view of the Government's motion, trial of the case was continued generally. Thereafter, the Government submitted affidavits in support of its Motion for Summary Judgment on July 16, 1971, and November 3, 1971. On November 3, 1971, the Government moved to amend its complaint (1) to enlarge its prayer for relief to include the assessment and demand for additional taxes and interest to and including October 6, 1971, in the sum of $31,966.28; (2) to add an allegation that the assessment made on May 16, 1969, was timely because the taxpayer signed a Tax Collection Waiver; and (3) to amend its total claim from $1,611,636.97 to $1,643,603.25.

The record papers indicate that Defendant's copies of the Government's "Further Affidavit In Support of Motion for Summary Judgment," "Memorandum in Support of Plaintiff's Motion for Leave to Amend the Complaint," and "Motion for Leave to Amend the Complaint" were served on Defendant by leaving the copies with Richard Engle, Superintendent of the Federal Prison Camp, Allenwood, Pennsylvania. The Marshall's return of November 4, 1971, contains a note to the effect that Mensik had escaped from the Prison Camp theretofor. Defendant has filed no papers opposing the Government's Motion for Summary Judgment.

### 1. Motion to Dismiss.

Defendant's pleading entitled "motion to dismiss" denies liability in the amount of $1,611,636.97 and requests the Court "to order the government prepare a typewritten report that includes all items for each year, the amount due, the amount of penalty and the amount of interest for each transaction" on pain of dismissal of the complaint. In the third paragraph of the motion, Defendant requests "copies . . . of all reports papers of examinations introduced as evidence in the legal proceedings" and moves the Court to "defer judgments and orders until the defendant is released from prison, as he would not be able to defend himself properly, as the defendant's rights under

1. Rule 21–A reads as follows:
"RULE 21–A. *Dismissal of Actions for Failure to Prosecute.* At the term of Court following the first of June in each year, the Judge, or the Clerk under his supervision and in open court, shall call all the actions on the Civil Docket pending and undisposed of, in which no steps or proceedings appear to have been taken in one year. In all such cases it shall be the duty of the Clerk to mail notice of the general call to counsel of record and to the parties for whom no appearance has been entered, if their post office addresses are known, at least thirty days before the opening of the above terms of Court. If such notice has been given, and no action has been taken in the meantime, and none of the parties or their Attorneys appear at the time and place set for the general call and make answer when an action is called, an order for dismissal shall forthwith be entered as of course by the Judge. This Rule shall become effective immediately upon being approved by the Judge of this Court."

the Constitution and laws of the United States would be violated."

Construed liberally,[2] the motion raises as a defense to the action Defendant's status (at the time the Motion to Dismiss was filed) as a federal prisoner. The officials at the Lewisburg Penitentiary have reported to the Court that Mensik escaped on October 11, 1971, and is still at large.

There is some law that dismissal of a civil suit is not required merely because the defendant is incarcerated.[3] Assuming arguendo, however, that imprisonment would be a valid reason to defer action until Defendant is released from imprisonment, we conclude that Defendant's continuing escape waives this point. Therefore, Defendant's motion to dismiss will be denied.

### 2. *Motion for Summary Judgment.*

 The Government has moved pursuant to F.R.Civ.P. 56 for summary judgment on the basis of the pleadings and affidavits. Summary judgment is proper if the record, which for this purpose consists of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,"[4] shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Defendant has filed no affidavits in opposition to the motion for summary judgment. In his Answer, Defendant denied liability for taxes in the amount sued for. F.R.Civ. P. 56(e) provides:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

On a motion for summary judgment, the burden is upon the moving party to establish the lack of a triable issue of fact, and supporting affidavits may be insufficient to satisfy this burden even though the opposing party fails to present counter-affidavits. 6 Moore's Federal Practice, ¶56.11[3], 2170.

Two affidavits accompany the Government's motion: (1) the affidavit of R. A. Wieber, Acting District Director of Internal Revenue, Chicago District, Chicago, Illinois, and (2) the affidavit of S. Martin Teel, a trial attorney with the Tax Division of the Department of Justice. The Government has also submitted as exhibits copies of three "Tax Collection Waivers" (Form 900), extending to December 31, 1969 the statute of limitations on suits for the collection of the unpaid balance of the assessment made on June 17, 1958 for the year 1956.

### 2.1 *1953–1955 Taxes.*

The affidavit of R. A. Wieber reveals that the assessments for the years 1953, 1954, and 1955 were made on September 13, 1968,[5] that the statutory notices and demands for the payment of these assessments were made on Charles Oran Mensik and Mary Mensik on September 13, 1968, and that no payments or credits have been applied against these assessments.

 The substantive issues of tax liability for 1953, 1954 and 1955 having been litigated in the tax court, this Court is without power to review the amounts of the assessments. Lasky v. Commissioner, 235 F.2d 97 (9th Cir.

---

2. F.R.Civ.P. 8(f); Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944); Morgan v. Sylvester, 125 F.Supp. 380, 383 (S.D. N.Y.1954).

3. In re McNally, 144 Cal.App.2d 531, 301 P.2d 385 (1956); State ex rel. Gladden

v. Sloper, 209 Or. 346, 306 P.2d 418 (1957).

4. F.R.Civ.P. 56(c).

5. Following a decision of the Tax Court dated April 16, 1968, No. TC 89410.

1956), aff'd. per curiam, 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598 (1957); Schaffner v. Bingler, 268 F.2d 76 (3d Cir. 1959). Where the Tax Court has determined tax liabilities and no appeal has been taken from the decisions of that court, actions in the District Courts to reduce the deficiencies to judgment are proper. United States v. Pack, 288 F.Supp. 901 (D.C.Del.1968). The only issues cognizable here are whether the assessments were timely and whether the instant action was brought within the applicable statute of limitations.[6]

■■ Assessments must normally be made within three years of the date the return is filed, 26 U.S.C. § 6501(a), but the running of the statute is suspended from the time the case is put on the Tax Court docket until sixty days after the decision of the Tax Court becomes final, 26 U.S.C. § 6503(1). The decision of the tax court becomes final upon the expiration of the time allowed for filing a petition for review if no appeal is taken. 26 U.S.C. § 6503(a) (1). The decision of the Tax Court may be reviewed if a petition for such review is filed within three months after the decision is rendered. 26 U.S.C. § 7483. There is no assertion in any of the documents that an appeal was taken from the tax court decision, and, although there are a number of circuit court opinions involving mail fraud, criminal contempt and income tax violations by Defendant, Mensik v. Long, 261 F.2d 45 (7th Cir. 1958), Mensik v. C. I. R., 328 F.2d 147 (7th Cir. 1964), United States v. Grow, 394 F.2d 182 (4th Cir. 1968) and United States v. Mensik, 440 F.2d 1232 (4th Cir. 1971), no decision relating to an appeal from this Tax Court case is reported. Assessment would thus have to be made within a period of three months plus sixty days after the Tax Court decision of April 16, 1968, 26 U.S.C. § 6503(a) (1) and 26 U.S.C. § 7481(1). Three months from April 16, 1968, is July 16, 1968, and sixty days thereafter is September 14, 1968. Assessment was made one day before that date and is

timely. Suit could be instituted within six years thereafter, 26 U.S.C. § 6502, and the action itself is thus also timely.

### 2.2 *1956 Tax.*

■ A jeopardy assessment of the 1956 tax was made on June 17, 1958 within three years of the due date of the return and was within the statutory period, 26 U.S.C. § 6501(a). The Tax Court decision relating to 1956 taxes of $547,967.55 and fraud penalty thereon of $273,983.78, 37 TC 703 (1962), was affirmed by the U.S. Court of Appeals for the Seventh Circuit on February 10, 1964, 328 F.2d 147. Since fraud was found, the normal three year limitation was inapplicable. 26 U.S.C. § 6501(c) (1) (2). The Defendant executed a tax collection waiver on May 29, 1964, which was within six years of the jeopardy assessment and was thus timely. 26 U.S.C. § 6502(a) (2). The Defendant executed successive waivers extending the time for instituting suit to collect the 1956 tax, the last extending the statute to December 31, 1969. Suit having been instituted in this case on that day, the action is timely.

### 2.3 *1960 Tax.*

■ The affidavit of S. Martin Teel, Jr. in ¶2 asserts that on August 9, 1968, an assessment was made against the Defendant for income tax for 1960 in the amount of $6,736.27, that on October 6, 1971, the amount due on the assessment with interest was $7,982.93, and that interest accrues at $1.27 per day. In ¶3 he asserts that on May 16, 1969, an assessment for income tax for 1960 was made against the Defendant but does not set forth the amount of the assessment, and that on October 6, 1971, the amount due on that assessment with interest was $31,966.28. In ¶4 he states that the interest accruing on both assessments for 1960 is at the rate of $117.68 per day.

With respect to ¶2 of the affidavit, $7,736.27 at 6% on a 365-day basis yields interest of $1.27 per day. Interest on $7,736.27 for the period from Au-

---

6. The issue of timeliness is raised in Defendant's Answer.

gust 9, 1968, to October 6, 1971, at $1.27 per day would be $1,464.31 and thus the total due on October 6, 1971, would be $9,200.58, not $7,982.93. There is obviously an error in the computations in either the amount of the assessment, or the amount of interest per day or the total due on October 6, 1971.

With respect to ¶4, the grand total of the 1960 assessments is $39,949.21 on which interest would accrue at $6.57 per day. The affidavit states that the interest is accruing at $117.68 per day which is interest at 6% on $715,886.67. The interest per day is obviously in error.

The assessment dates of August 9, 1968 and May 16, 1969 as to the 1960 tax referred to in the affidavit were not within the statute of limitations unless that was extended by timely executed waivers. Copies of such waivers were not furnished the Court. For this reason and the apparent errors in the affidavit, Plaintiff has no right to a summary judgment with respect to the 1960 tax.

For these reasons, summary judgment will be granted the Plaintiff for the taxes for the years 1953 through 1956 and will be denied for 1960.