[Civ. No. 12881. Fourth Dist., Div One. Jan. 11, 1974.]

ROLAND W. WOOD, as Superintendent, etc., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
DOW J. BYERS et al., Real Parties in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Harley D. Mayfield and Karl J. Phaler, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Dennis E. Holz, Michael B. Weisz, William A. Davis, Victor Harris, James F. Robinson and Augustine, Delafield & Hrusoff for Real Parties in Interest.

## OPINION

**BROWN (Gerald), P. J.**—Roland W. Wood, superintendent of California Rehabilitation Center, presently has custody of a prisoner, Dow J. Byers. Wood petitions for a writ to restrain the superior court from enforcing an order directing him to turn over custody of Byers to the San Diego County Sheriff.

Byers was convicted by a jury of grand theft, fraudulent offers and sale of securities, failure to obtain permits for syndicate offer and other related crimes. His applications and renewed applications for bail pending appeal have been denied.

The real parties in interest Roland W. Allen, William Terry and many others with whom Byers had financial involvements which were the subject of the criminal proceedings, brought civil actions against him for fraud. In superior court Byers contended he is indigent and cannot afford counsel to represent him in the pending civil actions. He argued his presence is necessary for a proper defense to explain the numerous, complex financial

transactions in which the real parties in interest and he were involved. Based on his showing of indigency and necessity, the superior court granted his motion and ordered Wood to deliver Byers to the San Diego County Sheriff's custody.

■ This order was unauthorized, beyond the court's power and in excess of its jurisdiction.

The court relied on Penal Code section 1567, as the basis for its order. This section provides in part: "When it is necessary to have a person imprisoned in the State prison brought before any court, . . . an order for that purpose may be made by the court and executed by the sheriff of the county where it is made. . . ." This section only "prescribes the manner of procuring [the prisoner's] presence . . . ." (*Willard* v. *Superior Court,* 82 Cal. 456, 461 [22 P. 1120].) Other statutes describe the situations in which his attendance may be ordered.

Penal Code sections 2620 and 2621 respectively provide the procedure for obtaining the attendance of a witness when he is to be tried and when he is a material witness in criminal actions. Section 2623 states if a witness in a civil action is a prisoner, the court in which the action is pending (if it is a superior or appellate court) may make "an order for his examination in the prison by deposition . . . ." Section 2622 describes the procedure for accomplishing this.

No provision expressly deals with prisoners as parties. Nevertheless, the case law is clear.

*In re McNally,* 144 Cal.App.2d 531, 532 [301 P.2d 385] states: "One imprisoned is still liable to be sued, and 'this liability necessarily carries with it the right to defend.' (*People* v. *Lawrence,* 140 Cal.App.2d 133 [295 P.2d 4].) This right is qualified by the rule that the prisoner is not entitled to be personally present at any part of the proceedings. (*People* v. *Lawrence, supra; In re Bagwell,* 26 Cal.App.2d 418, 420 [79 P.2d 395].)"

Although Byers has the right to employ counsel to defend him (*In re McNally, supra,* 144 Cal.App.2d 531), this does not mean he may personally appear at his civil trial. There are several reasons why a prisoner should not be permitted to personally appear in a civil action in which he is a party. First, the state cannot properly bear the cost of transporting the prisoner from the prison to the county where the trial is to occur, since the trip would be for the prisoner's private benefit, not the state's (Cal. Const., art. XIII, § 25; *In re Bagwell,* 26 Cal.App.2d 418, 420-421 [79 P.2d 395]). Second, prison officials and others assigned to guard the prisoner during his

transportation and at the trial would be exposed to danger and unnecessary risk (see *In re Bagwell, supra,* 26 Cal.App.2d 418, 421). Third, a rule allowing prisoners to personally attend trials might lead to spurious and time-consuming lawsuits contrived to allow them to avoid confinement in their designated institutions. Finally, extended absences from the prison, hospital or treatment center might interfere with whatever program of rehabilitation, training or treatment the prisoner is taking.

The decisions of the Supreme Court and Court of Appeal are binding and must be accepted by the trial courts (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]). The rule of *stare decisis* is a rule of jurisdiction (*Auto Equity Sales, Inc., supra,* citing *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715]).

Since the trial court's order was in excess of jurisdiction enforcement should be restrained by a writ of prohibition.

Let a peremptory writ of prohibition issue as prayed.

Ault, J., and Cologne, J., concurred.

The petition of real party in interest Byers for a hearing by the Supreme Court was denied March 13, 1974. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.