[No. C020868. Third Dist. Sept. 13, 1996.]

DIXON ARNETT, as Executive Director, etc., Plaintiff and Respondent, v. OFFICE OF ADMINISTRATIVE HEARINGS, Defendant; MARK M. KITZMAN, Real Party in Interest and Appellant.

## COUNSEL

Asher Aaron Levin for Real Party in Interest and Appellant.

Daniel E. Lungren, Attorney General, Jana L. Tuton and Fred A. Slimp II, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SPARKS, J.**—In this appeal we must determine whether a licensed physician who is incarcerated in another state for felony offenses has an absolute right to be present at an administrative hearing against his California license, such that the administrative hearing must be continued indefinitely. We agree with the trial court that the physician does not have an absolute right to be present and shall affirm the judgment granting a peremptory writ of mandate. However, we agree with the physician that the judgment in this case is too broad and hence shall modify the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Real party in interest Mark M. Kitzman obtained a physician's and surgeon's certificate to practice medicine in this state in 1976. In May 1992, while practicing in Oregon, Kitzman was charged by indictment with multiple counts of sexual offenses committed against children. In June 1992 the Board of Medical Examiners of the State of Oregon issued an order immediately suspending his license to practice medicine in Oregon. The order was

based upon evidence in possession of that agency that Kitzman had sexually abused minor children, including his minor patients. Kitzman was subsequently convicted of 14 felony offenses involving sexual conduct with children and, in November 1992, a judgment of conviction was entered sentencing Kitzman to prison in the State of Oregon. In January 1993 the Oregon Board of Medical Examiners accepted the surrender of Kitzman's license in lieu of disciplinary action, effective November 1992.

In November 1993 the Medical Board of California (Board) filed an accusation against Kitzman. The accusation stated that Kitzman had subjected his certificate to discipline under Business and Professions Code sections 2234 and 2305, by virtue of the surrender of his Oregon license in lieu of discipline following emergency suspension orders and his criminal convictions in that state.[1] Kitzman filed a notice of defense and request for a hearing in which he challenged reliance upon the Oregon proceedings and denied his guilt of the Oregon offenses.

In January 1994 Kitzman was notified of an administrative hearing to be held in Sacramento on March 7, 1994. Kitzman applied for a continuance of six months. In support of a continuance his attorney asserted, among other things, that Kitzman was then incarcerated in Oregon, an appeal of his convictions was pending, the evidence to be reviewed was voluminous, and that Kitzman would agree that in the event of his release he would not practice medicine in California until resolution of the accusation. The presiding administrative law judge found good cause for a continuance to allow counsel to review the extensive discovery and properly prepare for the case. An order was entered granting the motion for a continuance and directing that the matter be reset on the May 1994 out-of-state calendar.

In February 1994 Kitzman was notified of an administrative hearing to be held in Sacramento on May 2, 1994. Kitzman responded by moving to

---

[1] Business and Professions Code section 2234 provides: "The Division of Medical Quality shall take action against any licensee who is charged with unprofessional conduct. In addition to other provisions of this article, unprofessional conduct includes, but is not limited to, the following: [¶] (a) Violating or attempting to violate, directly or indirectly, or assisting in or abetting the violation of, or conspiring to violate, any provision of this chapter. [¶] (b) Gross negligence. [¶] (c) Repeated negligent acts. [¶] (d) Incompetence. [¶] (e) The commission of any act involving dishonesty or corruption which is substantially related to the qualifications, functions, or duties of a physician and surgeon. [¶] (f) Any action or conduct which would have warranted the denial of a certificate."

At the time this action arose Business and Professions Code section 2305 provided: "The revocation, suspension, or other discipline by another state of a license or certificate to practice medicine issued by the state, or the revocation, suspension, or restriction of the authority to practice medicine by an agency of the federal government, to a licensee under this chapter shall constitute grounds for disciplinary action for unprofessional conduct against such licensee in this state." (Stats. 1986, ch. 220, § 9, p. 1157.)

dismiss or, in the alternative, to continue the proceedings. The request for dismissal was based upon a claim that the Oregon license proceedings could not properly serve as a basis for discipline under Business and Professions Code section 2305. The motion for continuance was based upon the representations that Kitzman was incarcerated in Oregon and his appeal had yet to be determined, and that counsel had only recently undertaken representation and needed time to prepare. The presiding administrative law judge ruled that the motion to dismiss would be heard concurrently with the hearing on the merits, and granted a continuance of the hearing. The administrative law judge said, among other things, that "one of several options regarding [Kitzman's] right to be present at the hearing must be engaged, such as a waiver of [his] presence, based upon counsel's presence at the hearing to represent him, or [Kitzman] must be produced, or the hearing must be commenced where [he] is incarcerated, or some other acceptable substitute for his personal appearance. Such arrangements necessarily take some time, but the hearing cannot go forward commensurate with due process in their absence."

The Board subsequently caused Kitzman to be notified that an administrative hearing would be held in Sacramento on November 14, 1994. Kitzman again sought a continuance, asserting that he had a right to be present and that his incarceration in Oregon precluded the Board from going forward with the hearing in California. The administrative law judge ruled that Kitzman has a right to be present and granted a continuance until such time as Kitzman is released from incarceration. Alternatively, the judge ruled that the Board could schedule a hearing at the site of Kitzman's incarceration, or in California if he waives his right to be personally present.

On the Board's petition for a writ of mandate, the trial court found that the Office of Administrative Hearings failed to perform its legal duty and abused its discretion by granting a continuance without requiring Kitzman to show good cause.[2] The court held that Kitzman does not have a right to be personally present such that the hearing cannot go forward in his absence, and that, although given the opportunity to do so, Kitzman had failed to

[2]Under the Administrative Procedure Act (APA) (see Gov. Code, § 11370), the Office of Administrative Hearings serves as a "centralized office, responsible for the conduct of administrative hearings." (1 Ogden, Cal. Public Agency Practice (1996) The ALJ and Decisionmaking, § 36.02[1][a], p. 36-4; see also Gov. Code, §§ 11370.2-11370.3.) The director of that office appoints and maintains a staff of administrative law judges to conduct proceedings under the APA. The director is required to designate a list of administrative law judges "who have a demonstrated knowledge or experience in conducting hearings involving discipline actions brought against licentiates of the Medical Board of California." (Gov. Code, former § 11371, subd. (a).) When assigned to conduct a hearing, the administrative law judge "shall be deemed an employee of the office and not of the agency to which he or she is assigned." (Gov. Code, § 11370.3.)

make a showing that representation by counsel would be inadequate. The court issued a peremptory writ of mandate directing the Office of Administrative Hearings to reconsider its action and to take further action required by law, "except that [the Office of Administrative Hearings] shall not entertain or grant further motions for continuance based on or related to [Kitzman's] condition of incarceration outside of California." This appeal by Kitzman followed.

## DISCUSSION

The fundamental question at issue here is whether a physician facing disciplinary charges has a right to be personally present at the administrative hearing at which disciplinary charges will be adjudicated, such that the hearing cannot go forward in his absence due to incarceration in another state. We agree with the trial court that the physician has no such absolute right.

The first potential source of a right to be present would be the state and federal Constitutions. The federal Constitution does not expressly refer to a right to be personally present. The Sixth Amendment, however, provides a number of rights that together have been construed as establishing a right to be personally present, although the right is said not to be absolute. (*Illinois* v. *Allen* (1970) 397 U.S. 337, 342-343 [25 L.Ed.2d 353, 358-359, 90 S.Ct. 1057]; see also *Taylor* v. *United States* (1973) 414 U.S. 17, 19-20 [38 L.Ed.2d 174, 177-178, 94 S.Ct. 194].) But the Sixth Amendment is limited by its terms to "criminal prosecutions." (U.S. Const., 6th Amend.) With respect to civil proceedings the federal Constitution, in the Fifth and Fourteenth Amendments, guarantees only due process of law. Our state Constitution specifically guarantees a criminal defendant the right to be personally present. (Cal. Const. art. I, § 15.) However, like the federal Constitution, that guarantee is limited to criminal proceedings and with respect to civil proceedings the guarantee is simply for due process of law. (Cal. Const., art. I, § 7, subd. (a).)

It is well established that due process of law does not confer upon a party to civil proceedings an absolute right to be personally present at the proceedings. (See *Yarbrough* v. *Superior Court* (1985) 39 Cal.3d 197, 203-204 [216 Cal.Rptr. 425, 702 P.2d 583]; *Payne* v. *Superior Court* (1976) 17 Cal.3d 908, 913 [132 Cal.Rptr. 405, 553 P.2d 565]; *Wood* v. *Superior Court* (1974) 36 Cal.App.3d 811, 813 [112 Cal.Rptr. 157]; *In re McNally* (1956) 144 Cal.App.2d 531, 532 [301 P.2d 385].) In *In re McNally, supra,* 144 Cal.App.2d at page 532, a prisoner sought a limited restoration of rights so that he could employ counsel to defend a civil suit pending against him. The

court said: "One imprisoned is still liable to be sued, and 'this liability necessarily carries with it the right to defend.' [Citation.] This right is qualified by the rule that the prisoner is not entitled to be personally present at any part of the proceedings." (See also *Wood* v. *Superior Court, supra*, 36 Cal.App.3d at p. 813.) In *Payne* v. *Superior Court, supra*, 17 Cal.3d at page 913, the California Supreme Court concluded that when an indigent prisoner facing a bona fide lawsuit is deprived of both personal attendance and representation by counsel, then he is essentially denied access to the courts. But the high court rejected a right of personal appearance as a solution, and held that, among other things, a trial court should consider continuing the matter or appointing counsel. (See also *Yarbrough* v. *Superior Court, supra*, 39 Cal.3d at p. 203.)

These authorities establish that where, as here, an incarcerated party to a civil action is represented by counsel, he does not have an absolute right to attend the proceedings. This is not to say that a party to civil proceedings has no interest in being present or that such an interest is not entitled to consideration, but it is to say that Kitzman's claim of an absolute right to be personally present finds no support in either the state or federal Constitution, either expressly or in the due process guarantees of those charters.

We turn next to the relevant statutory provisions. Pursuant to Business and Professions Code section 2230, proceedings against a medical licensee for unprofessional conduct must be conducted in accordance with the APA, commencing with Government Code section 11500. Although it would have been a simple matter to do so, the APA does not expressly provide for an absolute right to be present.[3] Accordingly, we must consider whether such a right is reasonably inferable from other provisions.

Government Code section 11500, subdivision (f)(2), currently provides that an adjudicatory hearing under the APA must include the right to cross-examination and to confront adversary witnesses.[4] ▮ The right of confrontation in criminal trials establishes a preference for, but not an absolute right to, a face-to-face confrontation at trial. (See *Maryland* v. *Craig*

---

[3]As we have noted, article I, section 15 of our state Constitution provides a right of personal presence in criminal proceedings. In doing so the Constitution simply states that a defendant has the right "to be personally present with counsel," and adds that the Legislature may provide for the deposition of witnesses "in the presence of the defendant and the defendant's counsel." Similar language could easily have been, but was not, incorporated into the APA.

[4]The amendment of Government Code section 11500 that becomes operative on July 1, 1997, is part of an extensive revision of our state administrative adjudicatory procedures that will give state agencies expanded hearing procedure options. The prospective legislation includes an "Administrative Adjudication Bill of Rights." (Gov. Code, § 11425.10 et seq.) Among other things, it guarantees an opportunity to be heard, including the opportunity to

(1990) 497 U.S. 836, 849-850 [111 L.Ed.2d 666, 680-681, 110 S.Ct. 3157]; *Ohio* v. *Roberts* (1980) 448 U.S. 56, 63-64 [65 L.Ed.2d 597, 606, 100 S.Ct. 2531]; *People* v. *Chavez* (1980) 26 Cal.3d 334, 354-355 [161 Cal.Rptr. 762, 605 P.2d 401]; *People* v. *Sharp* (1994) 29 Cal.App.4th 1772, 1782-1783 [36 Cal.Rptr.2d 117].)

These authorities reflect that the two primary aspects of the right of confrontation are the ability to subject the witness to cross-examination and to require the witness to appear personally before the fact finder as an aid in assessing credibility. Issues concerning the right of confrontation arise most often in criminal proceedings in which the presence of the defendant is assumed, and careful reading of these authorities establishes that references to "face-to-face" confrontation are primarily concerned with the presence of the witness before the fact finder. "In short, the [Confrontation] Clause envisions 'a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.' " (*Ohio* v. *Roberts, supra,* 448 U.S. at pp. 63-64 [65 L.Ed.2d at p. 606], quoting from *Mattox* v. *United States* (1895) 156 U.S. 237, 242-243 [39 L.Ed. 409, 411, 15 S.Ct. 337].)

This is not to say that a party's personal presence is not implicated in the right of confrontation but where a party is represented by counsel and counsel has the right to compel witnesses to attend and be subjected to cross-examination, then the primary purposes of a right of confrontation are satisfied and the presence of the party would be preferred but is not an indispensable element of the right of confrontation. (See *Maryland* v. *Craig, supra,* 497 U.S. at pp. 849-850 [111 L.Ed.2d at p. 681].) ▮ Thus, even if we were to apply this line of authority concerning the right of confrontation in criminal trials to this administrative proceeding by way of analogy, we would not find in Government Code section 11500, subdivision (f), an absolute right to be present at an adjudicatory hearing.

Kitzman places his primary reliance upon Government Code section 11509. That provision requires an agency to deliver or mail notice of hearing to all parties at least 10 days prior to the hearing and provides the form for such notice. Included in the notice is the statement that "[y]ou may be present at the hearing." Kitzman asserts that the decision in *Borror* v. *Department of Investment* (1971) 15 Cal.App.3d 531 [92 Cal.Rptr. 525], at

---

present and rebut evidence. (Gov. Code, § 11425.10, subd. (a)(1).) But it does not guarantee an absolute right to personal presence.

page 543, interpreted a similar provision with respect to representation by counsel to establish a right to counsel, and he argues that by parity of reasoning a right to be present is thus established.

In considering this claim, we must distinguish between a "right" in the sense that an agency cannot preclude the exercise of an option, and a "right" in the sense that a hearing cannot go forward absent fulfillment of that entitlement. In *Borror* v. *Department of Investment, supra*, 15 Cal.App.3d at pages 543 and 544, the court found a right to counsel in the first sense but specifically rejected the claimed right in the second sense. In short, the court held that a licensee facing disciplinary charges has a right to be represented by counsel if he employs one, but that if he does not or cannot employ counsel there is no requirement that counsel be appointed or that an admonishment be given and waiver taken before the hearing could proceed. Accordingly, the decision in *Borror* rejected the claim that Government Code section 11509 establishes a "right" in the sense that Kitzman urges. By parity of reasoning that decision supports the view that although a licensee may attend a hearing, the hearing can nevertheless go forward if he does not or cannot attend.

While Kitzman does not have an absolute right to be present at the administrative hearing, he does have an interest in being present which is entitled to consideration. However, the authorities we have cited, particularly *Yarbrough* v. *Superior Court, supra*, 39 Cal.3d 197, and *Payne* v. *Superior Court, supra*, 17 Cal.3d 908, stand for the proposition that an incarcerated party's interest in being personally present at a hearing or trial cannot be considered in isolation. The decisions in *Yarbrough* and *Payne* establish that the overall concern is that a party not be denied due process through denial of access to the adjudicative body. The possibilities of a continuance, personal presence, and representation by counsel must be considered together in light of the particular circumstances of the case. In *Yarbrough* and *Payne,* it was established that the incarcerated civil defendants were indigent and could not employ counsel or otherwise obtain representation. Despite these handicaps, a right of personal presence was rejected as a solution. (*Yarbrough, supra*, 39 Cal.3d at p. 203; *Payne, supra*, 17 Cal.3d at p. 923.) The possibility of a continuance may be considered to the extent it is otherwise within the discretion of the trial court. (*Payne, supra*, 17 Cal.3d at p. 923.) And the appointment of counsel may be considered, although it is not an absolute right. (*Yarbrough, supra*, 39 Cal.3d at p. 203; *Payne, supra*, 17 Cal.3d at p. 924.) But the high court made it clear that it is the complete denial of access to the adjudicative body that is impermissible and that representation by counsel is sufficient. Consequently, a prisoner who is represented by counsel has no right to personal presence or to a

continuance until his presence is possible. (*Payne, supra,* 17 Cal.3d at p. 923.)

In this case Kitzman is represented by counsel and he has made no assertion or showing that he cannot continue to have representation. That being the case, his inability to attend due to incarceration does not provide a legal basis for an indefinite continuance.

 Government Code section 11524, subdivision (a), provides: "The agency may grant continuances. When an administrative law judge of the Office of Administrative Hearings has been assigned to the hearing, no continuance may be granted except by him or her or by the administrative law judge in charge of the appropriate regional office of the Office of Administrative Hearings, for good cause shown." This provision vests an administrative law judge with authority to grant a continuance upon a showing of good cause. (*Dresser* v. *Board of Medical Quality Assurance* (1982) 130 Cal.App.3d 506, 518 [181 Cal.Rptr. 797].) The accusation against Kitzman was filed in November 1993 and his hearing was originally scheduled for March 1994. Kitzman was granted a continuance until May 1994. When a hearing was noticed for May 1994, Kitzman sought and was granted another continuance. When the hearing was noticed for November 1994, a year after the accusation was filed and more than eight months after the original hearing date, Kitzman again asked for a continuance, this time asserting only the right to be present. The administrative law judge did not consider or find any cause for a continuance other than the alleged right to be present, but granted an indefinite continuance based solely upon Kitzman's incarceration in Oregon. Under these circumstances we agree with the trial court that granting an indefinite continuance solely on the basis of Kitzman's incarceration and without any showing of good cause was an abuse of discretion.

Kitzman argues that mandate will not lie to control the exercise of discretion. In making this argument Kitzman does not assert that mandate is not available as a remedy under the circumstances presented; instead, he asserts that the judgment is too broad. Specifically, he objects to the inclusion in the judgment of the direction that no further motion for continuance may be entertained based on or related to his incarceration. The direction was included in the judgment in response to the Board's concern that in the absence of such a provision Kitzman might manufacture a reason to seek a continuance based upon essentially the same ground. While we understand the Board's concern, we agree with Kitzman that the judgment is too broad.

 In exercising the power to grant continuances an administrative law judge must be guided by the same principles applicable to continuances

generally in adjudicative settings. In this respect the litany must be "that 'continuances be granted sparingly, nay grudgingly, and then only on a proper and adequate showing of good cause.' " (*County of San Bernardino* v. *Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776, 781 [140 Cal.Rptr. 383].) In general, a continuance for a short and certain time is less objectionable than a continuance for a long and uncertain time (see *Palomar Mortgage Co.* v. *Lister* (1963) 212 Cal.App.2d 236, 238 [27 Cal.Rptr. 863]; *Cohen* v. *Herbert* (1960) 186 Cal.App.2d 488, 495-496 [8 Cal.Rptr. 922]), and obviously there must be a substantial showing of necessity to support a continuance into the indefinite future. But "[t]he factors which influence the granting or denying of a continuance in any particular case are so varied that the trial judge must necessarily exercise a broad discretion." (7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 9, p. 26; *Taylor* v. *Bell* (1971) 21 Cal.App.3d 1002, 1007 [98 Cal.Rptr. 855].) And, since it is impossible to foresee or predict all of the vicissitudes that may occur in the course of a contested proceeding (*Hays* v. *Viscome* (1953) 122 Cal.App.2d 135, 141 [264 P.2d 173, 39 A.L.R.2d 1435]), the determination of a request for a continuance must be based upon the facts and circumstances of the case as they exist at the time of the determination.

In this case Kitzman's third request for a continuance was based solely upon his incarceration in Oregon. The trial court found, and we agree, that is not good cause for a continuance and it was an abuse of discretion to grant an indefinite continuance on that basis. Reconsideration is unnecessary and the judgment should simply direct the Office of Administrative Hearings to deny the request for a continuance based upon Kitzman's incarceration. Such a denial, however, must be without prejudice to a further request for a continuance upon a showing of good cause based upon the facts and circumstances of the case as they exist at the time of such request, if any. The facts and circumstances that may warrant a continuance are varied and cannot be foreseen but it cannot be concluded that they may not, in some manner, relate to Kitzman's incarceration. Accordingly, the provision in the judgment that a continuance may not be based upon or related to Kitzman's incarceration could unduly circumscribe the discretion vested in the administrative law judge in the event of a future request for a continuance. It must be presumed that in the event of a future request for a continuance the administrative law judge will perform his or her legal duty by heeding the holding in this litigation and by requiring a legally appropriate showing of good cause.

### DISPOSITION

The judgment is modified to provide that the Office of Administrative Hearings is directed to set aside its order of November 2, 1994, granting

Kitzman's motion for a continuance, and to enter a new order denying that motion. The provision in the judgment providing that the Office of Administrative Hearings shall not entertain or grant further motions for continuance based on or related to Kitzman's incarceration is stricken. As modified and in all other respects the judgment is affirmed. Each party shall bear its own costs on appeal.

Puglia, P. J., and Scotland, J., concurred.