[No. F053889. Fifth Dist. June 13, 2008.]

RICHARD BUSSARD, SR., Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

COUNSEL

Edmund G. Brown, Jr., Attorney General, Jacob A. Appelsmith, Assistant Attorney General, Elizabeth Hong and Jasmine K. Bath, Deputy Attorneys General, for Defendant and Appellant.

Law Offices of Richard O. Middlebrook and Richard O. Middlebrook, Jr., for Plaintiff and Respondent.

OPINION

KANE, J.—The Department of Motor Vehicles (the DMV) appeals from a judgment granting respondent Richard Bussard, Sr.'s petition for writ of mandate. The writ directed the DMV to set aside its suspension of respondent's driver's license for driving with blood-alcohol content in excess of 0.08 percent. In granting the writ, the trial court reasoned that the hearing officer improperly granted a continuance of the administrative hearing without a showing of good cause by the DMV. On appeal, the DMV contends the continuance was not an abuse of discretion and respondent was not prejudiced thereby, thus the trial court erred in granting the writ. We agree with the DMV. Consequently, we reverse the trial court's judgment and remand with instructions to deny the writ and reinstate the DMV's suspension order.

## FACTS AND PROCEDURAL BACKGROUND

The underlying facts and procedural history are essentially undisputed. We briefly summarize the salient points. On June 9, 2006, Kern County Sheriff Deputy Barker observed respondent's vehicle make a left turn against a red traffic signal and then travel on the wrong side of the street. Deputy Barker

initiated a traffic stop and respondent complied by yielding. When Deputy Barker approached and spoke to respondent, he noticed that respondent had signs of intoxication including slurred speech, red watery eyes and unsteadiness on his feet. Deputy Barker then contacted his dispatcher and requested that a California Highway Patrol (CHP) officer be called to the scene for a "DUI turnover." While waiting for a CHP officer to arrive, Deputy Barker observed respondent exit his vehicle and stagger to the right shoulder to urinate.

About 15 to 20 minutes later, CHP Officer Love arrived at the location of the traffic stop and contacted respondent. Officer Love observed that respondent seemed to be intoxicated based on a strong odor of alcohol, slurred speech and red watery eyes. When asked, respondent admitted that he had consumed six to eight beers. Officer Love attempted to administer a series of field sobriety tests, but respondent was unable to stand with his feet together without losing his balance and staggering backwards. Respondent then announced he was not going to perform any field sobriety tests. Based on respondent's objective signs of intoxication and on Deputy Barker's observations of respondent's driving, Officer Love formed the opinion that respondent had been driving under the influence of alcohol and arrested him for violation of Vehicle Code section 23152, subdivision (a). Respondent was then transported to the Kern County jail where he submitted to two breath tests revealing a blood-alcohol content of 0.20 percent and 0.21 percent.

Officer Love recorded the information provided to him by Deputy Barker as well as his own statement of the events leading to respondent's arrest on official form DS 367 (entitled "Age 21 and Older—Officer's Statement"; hereafter form DS 367), and in an arrest report (entitled "Driving Under the Influence Arrest—Investigation Report"; hereafter the DUI arrest report), which were submitted to the DMV along with respondent's breath test results.

On July 5, 2006, the DMV held an administrative hearing concerning the suspension of respondent's driver's license. The DMV introduced several exhibits in support of its prima facie case against respondent, including form DS 367, the DUI arrest report, the breath test results showing that respondent had a blood-alcohol content of 0.20 percent and 0.21 percent, and respondent's driver's license record.

Respondent objected to form DS 367 and the DUI arrest report on the ground that both documents, prepared by Officer Love, contained hearsay statements of Deputy Barker. According to respondent, Deputy Barker's

statements were not made admissible under the public employee records exception to the hearsay rule (see Evid. Code, § 1280) because there was no indication that Deputy Barker was "on duty" when he observed respondent. The hearing officer noted that the argument was valid and continued the hearing in order to subpoena Deputy Barker to "find out if he was on duty." Respondent objected to the continuance because he was ready to go forward "today."

On September 6, 2006, the continued administrative hearing was conducted. Prior to commencement of the hearing, respondent again objected to the continued hearing, which was overruled. Deputy Barker appeared and testified that he was on duty when he observed respondent's erratic driving and made the traffic stop on June 9, 2006. On November 21, 2006, the DMV issued its findings and decision that respondent was driving a vehicle with a blood-alcohol content of 0.08 percent or more. As a consequence, respondent's license was suspended for one year. The evidence relied on by the hearing officer included, among other things, form DS 367, the DUI arrest report, the testimony of Deputy Barker, and the results of the chemical tests of respondent's breath to establish his blood-alcohol levels.

Respondent challenged the suspension of his driving privilege by filing a petition for writ of mandate in the Kern County Superior Court. The petition asserted that the hearing officer impermissibly continued the administrative hearing without good cause in order to cure a defect in the DMV's case, which thereby caused prejudice to respondent. On May 14, 2007, the trial court filed its written order granting the writ petition. On August 23, 2007, the trial court entered judgment and issued a writ of mandate directing the DMV to set aside the suspension of respondent's driving privileges. The DMV timely filed its notice of appeal.

## DISCUSSION

I. *Standard of Review*

A determination by the DMV to suspend an individual's driver's license is subject to judicial review in the trial court by means of a petition for writ of mandate. (Veh. Code, § 13559; *Brierton v. Department of Motor Vehicles* (2005) 130 Cal.App.4th 499, 508 [30 Cal.Rptr.3d 275].) Section 13559, subdivision (a), of the Vehicle Code authorizes the trial court to rescind an order of suspension on several grounds, including that the DMV made a determination which was "not supported by the evidence in the record," that it "exceeded its . . . statutory authority, made an erroneous interpretation of the law, [or] acted in an arbitrary and capricious manner . . . ." In the writ

proceeding, the trial court exercises its independent judgment. (*Lake v. Reed* (1997) 16 Cal.4th 448, 456 [65 Cal.Rptr.2d 860, 940 P.2d 311].)

On appeal, we ordinarily need only review the record to determine whether the trial court's findings were supported by substantial evidence. (*Lake v. Reed, supra*, 16 Cal.4th at p. 457.) Here, however, the appeal is from the trial court's ruling on a legal question—i.e., whether the hearing officer had any discretion under the circumstances to grant a continuance pursuant to the applicable law. When the dispositive issue is one of law, we exercise independent judgment. (*Villalobos v. Zolin* (1995) 35 Cal.App.4th 556, 558 [41 Cal.Rptr.2d 207]; *Brierton v. Department of Motor Vehicles, supra*, 130 Cal.App.4th at p. 508.) Specifically, we must independently determine whether the hearing officer's decision to grant a continuance was within the scope of her discretion. An order granting or denying a continuance is reviewed under the abuse of discretion standard. (*Mahoney v. Southland Mental Health Associates Medical Group* (1990) 223 Cal.App.3d 167, 172 [272 Cal.Rptr. 602].) Such decisions will be upheld unless a clear abuse is shown, amounting to a miscarriage of justice. (*Id.* at p. 170; *In re Marriage of Young* (1990) 224 Cal.App.3d 147, 153 [273 Cal.Rptr. 495].)[1]

## II. *The Trial Court Erred in Granting the Writ*

As noted, the trial court concluded that when the DMV hearing officer continued the administrative hearing to allow Deputy Barker to testify, such continuance was granted without "good cause" as required by Government Code section 11524, thereby causing prejudice to respondent. Based on this conclusion, the trial court granted the writ and set aside the suspension of respondent's driver's license.[2] For the reasons expressed below, we hold that the DMV hearing officer did not exceed or abuse her discretion in granting the continuance of the hearing. Consequently, the trial court erred in granting the writ.

██ Section 11524 of the Government Code provides that a continuance of an administrative hearing may be granted in the discretion of the hearing

---

[1] As noted by the author of a respected treatise, "The policy favoring a full and fair hearing calls for a more careful appellate review of the exercise of discretion in *denying* a continuance [citation], but it is usually upheld." (7 Witkin, Cal. Procedure (4th ed. 1997) Trial, § 10, p. 36.) However, it is much more difficult to demonstrate an abuse of discretion when a continuance is *granted*. " 'On an appeal from the judgment (the order itself being nonappealable) it is practically impossible to show reversible error in the *granting* of a continuance.' " (*Taylor v. Bell* (1971) 21 Cal.App.3d 1002, 1007 [98 Cal.Rptr. 855], quoting 7 Witkin, Cal. Procedure, *supra*, § 10, p. 36.)

[2] The petition for writ did not challenge or object to the fact that the hearing officer admitted all the DMV exhibits, including form DS 367 and the DUI arrest report; rather, the petition was based solely on the question of whether the continuance was proper.

officer upon a showing of good cause. (Gov. Code, § 11524, subd. (a); *Powers v. Commission on Professional Competence* (1984) 157 Cal.App.3d 560, 570 [204 Cal.Rptr. 185].) Government Code section 11524, subdivision (b), includes a requirement of reasonable diligence when a party seeks a continuance: "When seeking a continuance, a party shall apply for the continuance within 10 working days following the time the party discovered or reasonably should have discovered the event or occurrence which establishes the good cause for the continuance. A continuance may be granted for good cause after the 10 working days have lapsed if the party seeking the continuance is not responsible for and has made a good faith effort to prevent the condition or event establishing the good cause."

■ A continuance may be granted on motion of a party or on the hearing officer's own motion. (Gov. Code, § 11524, subd. (b); *Powers v. Commission on Professional Competence, supra*, 157 Cal.App.3d at p. 571; *Young v. Governing Board* (1974) 40 Cal.App.3d 769, 773–774 [115 Cal.Rptr. 456] [congested calendar is good cause for continuance on hearing officer's own motion].) In exercising the power to grant or deny a continuance, an administrative law judge is guided by the same principles applicable to continuances generally in adjudicative settings. (*Arnett v. Office of Admin. Hearings* (1996) 49 Cal.App.4th 332, 342–343 [56 Cal.Rptr.2d 774].) " 'The factors which influence the granting or denying of a continuance in any particular case are so varied that the trial judge must necessarily exercise a broad discretion.' " (*Taylor v. Bell, supra*, 21 Cal.App.3d at p. 1007; see 7 Witkin, Cal. Procedure, *supra*, Trial, § 10, p. 36.) "And, since it is impossible to foresee or predict all of the vicissitudes that may occur in the course of a contested proceeding [citation], the determination of a request for a continuance must be based upon the facts and circumstances of the case as they exist at the time of the determination." (*Arnett v. Office of Admin. Hearings, supra*, at p. 343.)[3]

Here, at the July 5, 2006 hearing, respondent objected to introduction of form DS 367 and the DUI arrest report, both of which were prepared by Officer Love. The basis for the objection was that these exhibits allegedly contained hearsay statements of Deputy Barker regarding respondent's driving and the cause for initiating the traffic stop.[4] Although an exception to the

---

[3] For example, California Rules of Court, rule 3.1332 sets forth some of the facts and circumstances that are considered in motions to continue civil trials.

[4] Deputy Barker's observations regarding respondent's driving were essential to the DMV's case. In order to justify suspension of a driver's license, the DMV must prove that the arresting officer had reasonable cause to believe the person was driving, the driver was arrested, and the person was driving with 0.08 percent blood-alcohol content or higher. (*Lake v. Reed, supra*, 16 Cal.4th at p. 456; Veh. Code, § 13557, subd. (b)(2).)

hearsay rule would apply with respect to statements by public employees set forth in such official records (Evid. Code, § 1280; *Gananian v. Zolin* (1995) 33 Cal.App.4th 634, 639–640 [39 Cal.Rptr.2d 384] [statements by police officer in public employee record prepared by another police officer admissible under Evid. Code, § 1280]), respondent claimed there was nothing in the record to confirm that Deputy Barker was *on duty* at the time of his involvement in the case. It was argued that since this foundational fact for application of the hearsay exception was not established, the statements of Deputy Barker contained in Officer Love's reports were inadmissible. When the DMV hearing officer announced she would continue the hearing in order to allow Deputy Barker to testify in person, respondent objected because he was prepared to proceed then and there, even if the DMV was not.

We believe the hearing officer's decision to continue the hearing was within her broad discretion for several reasons. First of all, Officer Love provided adequate factual information to allow a reasonable and probable inference that Deputy Barker was, in fact, on duty at the time he observed respondent's driving. The DUI arrest report plainly stated that Deputy Barker initiated a traffic stop and that respondent's vehicle yielded.[5] These events were never disputed by respondent. It is highly unlikely (to say the least) that these feats could have been accomplished if Deputy Barker were not on duty in his patrol car. Therefore, objectively speaking, it was not reasonably foreseeable that respondent would raise a question of whether Deputy Barker was on duty. When the question was raised for the first time at the July 5, 2006 hearing, it was more or less an unexpected development and not, as suggested by respondent, a situation in which the DMV was lacking in diligence or negligently unprepared to meet their burden of proof. Under the circumstances, it was well within the discretion of the hearing officer to continue the hearing to allow Deputy Barker to testify, in an abundance of caution, in order to confirm that he was "on duty." In short, good cause existed for the continuance.

Second, the continuance was not an abuse of discretion because no prejudice resulted to respondent. Not only were there circumstances showing "good cause" for the continuance, but respondent ultimately received a fair hearing and the suspension of his license was *stayed* until after the DMV issued its findings and decision on November 21, 2006.

Third, our conclusion that the continuance was within the hearing officer's sound discretion is further substantiated by Vehicle Code section 14104.5,

---

[5] Additionally, form DS 367 stated that respondent's driving was observed by "Another Officer," identified as Deputy Barker.

subdivision (a), which provides as follows: "Before a hearing has commenced, the department, or the hearing officer or hearing board, shall issue subpoenas or subpoenas duces tecum, or both, at the request of any party, for attendance or production of documents at the hearing. *After the hearing has commenced*, the department, if it is hearing the case, or the hearing officer sitting alone, or the hearing board, may issue subpoenas or subpoenas duces tecum, or both." (Italics added.) This section clearly evidences the Legislature's intent to give a DMV hearing officer reasonable flexibility to issue subpoenas *after* the hearing has commenced, in order to obtain witness testimony or documents. That is precisely what happened here. (*Jackson v. Department of Motor Vehicles* (1994) 22 Cal.App.4th 730, 738 [27 Cal.Rptr.2d 712] [stating that if foundational objection to admissibility of arrest report had been raised at the hearing, hearing officer could have subpoenaed the officer to testify]; see *Lake v. Reed, supra*, 16 Cal.4th at p. 458 [the DMV has right to receive sworn testimony pursuant to Veh. Code, § 14104.7].)[6]

■ The flexibility conferred on the DMV hearing officer under provisions such as Vehicle Code section 14104.5 is in keeping with the legislative purposes of the administrative suspension procedure, which purposes include the protection of the public from drunk drivers by providing an accelerated procedure to suspend licenses. (*Lake v. Reed, supra*, 16 Cal.4th at pp. 454–455, 462.) When, in such an expedited administrative process it becomes apparent to the DMV hearing officer that it is necessary to subpoena a witness to obtain live testimony, the discretion to do so is expressly provided under Vehicle Code section 14104.5, subdivision (a), which discretion logically includes the ability to grant continuances to accomplish that objective.

■ We conclude that the DMV hearing officer acted within the scope of her discretion in granting the subject continuance. Since there was plainly substantial evidence to support the suspension of respondent's license, and the continuance itself did not constitute an abuse of the hearing officer's discretion, the trial court erred in granting the writ of mandate.

---

[6] Vehicle Code section 14104.7 provides that the DMV may "receive sworn testimony." Moreover, it may even choose to reopen the case after it has made its decision, and take further evidence, on its own motion. (Veh. Code, § 14106.) We agree with the DMV that in determining whether it was within the hearing officer's discretion to grant a continuance, or whether "good cause" existed for same, the specific procedural provisions relating to license suspension hearings in the Vehicle Code must be fully considered. (See Veh. Code, § 14112, subd. (a).)

## DISPOSITION

The trial court's judgment is reversed and the matter is remanded with instructions to deny the writ of mandate and reinstate the DMV's suspension order. Costs on appeal are awarded to the DMV.

Cornell, Acting P. J., and Gomes, J., concurred.

On July 8, 2008, the opinion was modified to read as printed above.