[No. D057523. Fourth Dist., Div. One. Apr. 7, 2011.]

EDMOND PETRUS, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

■■■■■■■■■■

■■■■■■■■■■

■■■■■■■■■■

## COUNSEL

Paul H. Neuharth, Jr., for Plaintiff and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Alicia B. Fowler, Assistant Attorney General, Chris A. Knudsen and Michael J. Early, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**McDONALD, J.**—Edmond Petrus appeals the trial court's denial of his petition for writ of mandate seeking to set aside the suspension by the Department of Motor Vehicles (DMV) of his driving privileges. Petrus contends (1) he was deprived of due process because the DMV's administrative hearing officer denied his request for a continuance; (2) the DMV's administrative hearing officer erred by admitting hearsay evidence; and (3) there was no evidence to show Petrus's blood test was timely taken. We conclude Petrus was deprived of due process and reverse.[1]

### FACTS

About 10:35 p.m. on September 16, 2009, Petrus drove his car into a restaurant parking lot. Off-duty California Highway Patrol Officer Mora was waiting for his car when he observed Petrus hit a parked car, back up, and almost hit the car again. Mora approached Petrus and saw that he had red, watery, and droopy eyes and smelled of an alcoholic beverage. Mora placed him under citizen's arrest and detained him until deputy sheriffs arrived. Deputy Brenda Wiebe arrived and smelled the strong odor of an alcoholic beverage on Petrus and saw his red, watery, and droopy eyes and his slow, exaggerated movements. Wiebe arrested Petrus for driving under the influence. Petrus consented to a blood test, and a sample of his blood was taken

---

[1] Because we reverse the trial court on Petrus's due process contention, we do not consider his remaining contentions on appeal.

about 11:56 p.m. Wiebe served Petrus with an administrative per se order of suspension of his privilege to drive.

Petrus requested a hearing before the DMV. Not until the morning of the hearing were Petrus's blood test results faxed to his counsel, who was not in his office. Petrus's counsel received the blood test results minutes before the commencement of the hearing, at the beginning of which he objected to receiving discovery on the day of the hearing. The blood test showed a blood-alcohol concentration of 0.18 percent. Hearing officer Jacqueline Denney asked counsel if he was ready to proceed and he said yes. The hearing officer then identified the exhibits she intended to introduce into evidence and asked if Petrus objected to any of them. His counsel objected to the blood test report on the basis of discovery rules violation. The hearing officer overruled the objection and admitted the report into evidence. Counsel then asked for a continuance, which was denied because counsel made no offer of proof as to why additional time and a continuance were necessary. At the conclusion of the hearing, the DMV reimposed the suspension of Petrus's driving privileges. Petrus then filed a petition for writ of mandate in the trial court seeking to overturn the suspension, which petition was denied.

## DISCUSSION

### I

Petrus contends he was deprived of due process because he did not receive the results of the blood test until the day of the hearing, and the DMV hearing officer denied his objection to their admission into evidence and his resulting request for a continuance of the hearing.

### A

"In ruling on an application for a writ of mandate following an order of suspension . . . , a trial court is required to determine, based on its independent judgment, ' "whether the weight of the evidence supported the administrative decision." ' " (*Lake v. Reed* (1997) 16 Cal.4th 448, 456 [65 Cal.Rptr.2d 860, 940 P.2d 311].) "On appeal, we 'need only review the record to determine whether the trial court's findings are supported by substantial evidence.' " (*Id.* at p. 457.) We view the evidence favorably to the prevailing party, resolving all conflicts and indulging all reasonable inferences to support the judgment. (*Bickel v. City of Piedmont* (1997) 16 Cal.4th 1040, 1053 [68 Cal.Rptr.2d 758, 946 P.2d 427].)

### B

" 'Under the administrative per se law, the DMV must immediately suspend the driver's license of a person who is driving with .08 percent or

more, by weight, of alcohol in his or her blood.' " (*Brown v. Valverde* (2010) 183 Cal.App.4th 1531, 1536 [108 Cal.Rptr.3d 429].) The DMV bears the burden of proof to determine whether the evidence establishes (1) the person was driving; (2) the driver was arrested; and (3) the person was driving with a blood-alcohol content of 0.08 percent or higher. (*Id.* at pp. 1537–1538.) Due process requires full and fair administrative hearings that provide drivers a " 'meaningful opportunity to present their case.' " (*Mohilef v. Janovici* (1996) 51 Cal.App.4th 267, 289 [58 Cal.Rptr.2d 721].) ■ Government Code section 11524 provides that a continuance should be granted for good cause shown. Here, the hearing officer stated in her notice of findings and decision that "[c]ounsel made no offer of proof as to why additional time and a continuance would be required to review the numerical value of the blood test which was presented prior to the start of the hearing at which time he was given time to review and indicated that he was ready to proceed." Due process requires that Petrus be given a meaningful opportunity to present his case. Petrus's defense required examination of the blood test results because that was an element the DMV must prove at the hearing.

■ "Vehicle Code section 14112 and Government Code sections 11507.5 and 11507.6 are the exclusive means for obtaining discovery in the hearings." (*Brown v. Valverde, supra,* 183 Cal.App.4th at p. 1550.) Government Code section 11507.6 states, in part: "After initiation of a proceeding in which a respondent or other party is entitled to a hearing on the merits, a party, upon written request made to another party, *prior to the hearing* and within 30 days after service by the agency of the initial pleading . . . is entitled to . . . inspect and make a copy of any of the following in the possession or custody or under the control of the other party . . . [¶] . . . [¶] . . . [a]ll writings, including, but not limited to, reports of mental, physical and blood examinations and things which the party then proposes to offer in evidence . . . ." (Italics added.) ■ Courts construe statutes assuming the words used have their plain meaning. Petrus's counsel initially received the blood test results minutes before the hearing despite his request for them approximately one month before the hearing. We conclude the phrase "prior to the hearing" does not equate to receiving discovery minutes before the hearing. Even were we to assume that it did fall within the meaning of "prior to the hearing," it fails to comport with due process because Petrus would not have had the full and fair opportunity to present a meaningful case. ■ Government Code section 11513, subdivision (b), states that each party has the right to rebut the evidence against him or her. Petrus had sufficient time to review the number indicating the blood-alcohol content, but not an opportunity to rebut that evidence.

■ In *Glatman v. Valverde* (2006) 146 Cal.App.4th 700 [53 Cal.Rptr.3d 319], the appellate court concluded the trial court did not abuse its discretion in finding that the forensic report was not prepared "at or near the time of the

recorded event" (*id.* at p. 706) because the record contained no support for the assertion that the analysts promptly entered the test results into the computer database, thus the suspension was set aside (*id.* at pp. 704, 706 [forensic report dated a week after the arrest]). Assuming arguendo Petrus had the opportunity to rebut, he is only required to present evidence that official standards were not observed similar to the licensee in *Glatman*, not the "marshalling of complex scientific evidence" to possibly set aside his license suspension. (*Davenport v. Department of Motor Vehicles* (1992) 6 Cal.App.4th 133, 144 [7 Cal.Rptr.2d 818].) ■ We conclude Petrus's due process rights were violated because he was deprived of the opportunity to present a meaningful defense to the DMV's proceeding to suspend his driving privilege.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to grant the petition for writ of mandate filed by Petrus.

Nares, Acting P. J., and McIntyre, J., concurred.