Filed 8/8/16  Dept. of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Board CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL,<br><br>        Petitioner,<br><br>v.<br><br>ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD,<br><br>        Respondent;<br><br>CIRCLE K STORES, INC.,<br><br>        Real Party in Interest. | E065144<br><br>OPINION |

ORIGINAL PROCEEDINGS; petition for writ of review.  Decision annulled.

Kamala D. Harris, Attorney General, Chris A. Knudsen, Assistant Attorney General, Celine M. Cooper and Jodi L. Cleesattle, Deputy Attorneys General, for Petitioner.

Linda A. Mathes for Respondent.

1

Solomon Saltsman & Jamieson, R. Bruce Evans and Jennifer L. Oden, for Real Party in Interest.

In this matter we interpret section 25666 of the Business and Professions Code[1] as it existed prior to its amendment by Assembly Bill 776 (2015-2016 Reg. Sess.) effective January 1, 2016.  We conclude that when the subject proceedings were held in 2014, the statute meant then what it more clearly means now.  Accordingly, respondent, Alcoholic Beverage Control Appeals Board (Board) erred in ruling that the accusation had to be dismissed.

STATEMENT OF THE CASE

The underlying proceeding involves an accusation filed by the Department of Alcoholic Beverage Control (ABC) against Circle K Stores, Inc. (Circle K) in which it was alleged that on May 20, 2014, 19-year-old Mariah Daily was sold an alcoholic beverage by a Circle K clerk.

On the date set for hearing of the matter, September 18, 2014, Daily—who had acted as a decoy—failed to appear.  Counsel for the ABC requested a continuance, noting that the minor had been properly subpoenaed and also informing the court that the minor was apparently in route.  The administrative law judge (ALJ) granted a continuance.

At the renewed hearing on November 19, 2014, counsel for Circle K attempted to inquire about the subpoena, apparently hoping to challenge whether it had been properly

---

[1]  All further statutory references shall be to the Business and Professions Code unless otherwise indicated.

2

served on Daily. However, the ALJ refused to permit such inquiry, casting the matter in terms of whether it was appropriate to revisit a ruling on the previous continuance. The ALJ subsequently issued a proposed decision, finding that Circle K's clerk sold an alcoholic beverage to Daily without properly verifying the latter's age, and that Daily "displayed the appearance which could generally be expected of a person under 21 years of age . . . ." A license suspension of 15 days was imposed by the ALJ.

Circle K appealed the decision to the Board. Circle K's argument was that the continuance of the original hearing was unauthorized under section 25666, and the matter should have been dismissed when the minor failed to appear. Circle K cited a very recent decision of the Board, *Purciel v. Department of Alcoholic Beverage Control* (2015) AB-9454 (*Purciel*).)[2] In that case, the Board held that section 25666 only allows a continuance due to the absence of a decoy minor witness in very limited circumstances. (See *infra*.)

The Department responded that in several cases preceding *Purciel*, the Board had uniformly held that a hearing officer had general discretion to continue a hearing when the minor decoy was absent, and argued that *Purciel* wrongly interpreted recent amendments to section 25666. However, the Board reaffirmed its position in *Purciel* and upheld Circle K's appeal, reversing the decision of the hearing officer.

---

[2] http://www.abcappealsbd.ca.gov/res/docs/Decisions/AB-9400/9454.dec.pdf, as of August 4, 2016.

3

DISCUSSION

1. *The Petition is Not Untimely*

First, we deal with a procedural issue. Circle K argues that we must reject the petition because it was not timely filed. Section 23088 provides that a decision of the Board "shall be filed by delivering copies to the parties personally or by mailing copies to them by certified mail." Section 23090 provides for judicial review and specifies that the application for review "shall be made within 30 days after filing of the final order of the board."

Here, the Board issued its original decision on December 7, 2015. It then purported to "amend" its decision on December 10, 2015; the "amendment" was merely to attach a copy of the decision by the ALJ.[3] The instant petition was not physically filed and stamped until January 12, 2016.[4]

We have concluded that the decision was never properly "filed" within the meaning of section 23088. The proof of service indicates that the decision was served on

---

[3] Due to our resolution of the timeliness issue, we need not decide whether Circle K is correct in arguing that the Board had no power to amend its decision. It relies on section 23088, which also provides: "Each such order shall become final upon being filed as provided herein, and there shall be no reconsideration or rehearing by the board."

[4] The Department attempted to "e-file" the petition on January 8, 2016, but the petition was not one of the documents authorized to be so "e-filed" at that time. Accordingly, we believe the filing was ineffective for any purpose related to the statute of limitations.

4

the Department by "messenger mail." Our inquiries[5] concerning this notation produced the explanation from both the Board and the Department that the usual practice is for a Board employee to place documents in a "pick-up box" from which they may be retrieved by a Department employee. Obviously this is not the "certified mail" required by section 23088.

The Board argues that its method of delivery is quicker and more efficient than mailing by certified mail. The Legislature required certified mail or personal delivery. (§ 23088.) The problem with "messenger mail" is made obvious by this case. Unlike either certified mail or personal service, it results in no official "paper trail" establishing the date on which the receiving party actually received the document.[6] Accordingly, the petition was not untimely filed.

## 2. *The Continuance was Lawful*

First, as a state agency, the Department is subject to the Administrative Procedures Act. (Gov. Code, §§ 11340 et seq.) Government Code section 11524, part of the chapter governing hearing procedures, has provided essentially since 1945 that "[t]he agency may grant continuances" and that "[a] continuance may be granted for good cause . . . if the party seeking the continuance is not responsible for and has made a good faith effort to prevent the condition or event establishing the good cause." The hearing officer is guided by the same general principles which influence the granting or denying a

---

[5] The court invited all parties to submit letter briefs addressing questions with respect to the timeliness of the petition. The order was dated March 22, 2016.

[6] A copy in the Department's possession is stamped "Received Dec 14, 2015."

continuance in judicial proceedings, and the decision-maker has broad discretion.
(*Bussard v. Department of Motor Vehicles* (2008) 164 Cal.App.4th 858, 864 (*Bussard*).)

However, the Department is also subject to various rules set out in the Business and Professions Code specifically governing the regulation of alcohol sales. Section 25666 deals specifically with accusations brought concerning the sale or furnishing of alcohol to minors and its primary purpose is to ensure that the minor (or alleged minor) is present at the hearing. Prior to January 1, 2016, section 25666 in its entirety provided: "In any hearing on an accusation charging a licensee with a violation of Sections 25658, 25663, and 25665, *the department shall produce the alleged minor for examination at the hearing unless he or she is unavailable as a witness because he or she is dead or unable to attend the hearing because of a then-existing physical or mental illness or infirmity*, . . . When a minor is absent because of a then-existing physical or mental illness or infirmity, a reasonable continuance *shall* be granted to allow for the appearance of the minor if the administrative law judge finds that it is reasonably likely that the minor can be produced within a reasonable amount of time . . . ."

As indicated above, in 2015 the Board issued its decision in the *Purciel* case, interpreting Business and Professions Code section 25666 as *limiting* the power of the ALJ to continue a matter due to the absence of a minor *solely* to circumstances relating to death or illness. This interpretation read Business and Professions Code section 25666 as a more specific statute applicable to sale-to-minor cases that superseded the general

6

provisions of Government Code section 11524. (See *Department of Corrections & Rehabilitation v. Superior Court* (2015) 237 Cal.App.4th 1472, 1482.)

Shortly after the decision in *Purciel*, Assembly Bill 776 (2015-2016 Reg. Sess.), which had dealt with brewery events, was amended to add a provision modifying section 25666. This amendment added subdivision (b)(2), which now reads "This section is not intended to preclude the continuance of a hearing because of the unavailability of a minor for any other reason pursuant to Section 11524 of the Government Code." Hence, since the effective date of January 1, 2016, it is clear that section 25666 operates in harmony with Government Code 11524.

The question before us, however, is whether the amendment constituted a *change in the law* as the Board would believe, or *confirmed prior law*. We conclude the latter is correct.

The laws relating to the sale or furnishing of alcohol to minors were enacted in their current form beginning in 1953. (Bus. & Prof. Code, § 25658.) From that time until the enactment of Business and Professions Code section 25666 in 1963, Government Code section 11524 necessarily controlled the granting of continuances in proceedings before the Board. (See *Givens v. Department of Alcoholic Beverage Control* (1959) 176 Cal.App.2d 529, 532.) As we have noted, whether to grant a continuance under Government Code section 11524 rests within the decision-maker's discretion. Business and Professions Code section 25666, on the other hand, *requires* that a continuance be

7

granted in specified circumstances.  The nature of those circumstances, we think, is the key to the answer.

Government Code section 11524 generally requires that when a party seeks a continuance, that party must have good cause for the request and must have acted with diligence to prevent the problem which necessitates the request.  (See *Bussard*, *supra*, 164 Cal.App.4th at p. 865; *Mendez v. Superior Court* (2008) 162 Cal.App.4th 827, 835.)  Business and Professions Code section 25666 contains no such requirement, and for obvious reasons:  the Department has no ability to influence or improve the health of a minor essential to the case.  Hence, its diligence is irrelevant and good cause necessarily exists.[7]

Accordingly, section 25666 *requires* that when the conditions are met, the ALJ *must* grant a continuance so that the minor's presence may be secured.  (Assuming, that is, that the ALJ finds that the minor is likely to be able to attend within a reasonable time.)  This provision, therefore, relieves the Department from a possible dismissal based on an absence it had no power to prevent.  It in fact effectively *prohibits* dismissal.

Viewed in this light, it is clear to us that Business and Professions Code section 25666 is complementary, rather than contradictory, to the Government Code provision.  The latter provides the court with broad discretion to grant continuances without specifying details, in recognition of the fact that the circumstances that may

---

[7] The Department would, however, have the obligation to establish that the minor was in fact ill or deceased.

justify a continuance are myriad and not susceptible of exclusive description. (*Bussard*, *supra*, 164 Cal.App.4th at p. 864.) We do not, of course, know whether the enactment of Business and Professions Code section 25666 was prompted by the Department's complaint to the Legislature that hearing officers were improperly refusing to grant continuances on the grounds of the minor's illness. Arguably, the stimulus could also have been complaints by licensees that had been compelled to participate in hearings without the minor's presence when the *licensee's* request for continuance was refused.[8] In either case, the proper interpretation is that Business and Professions Code section 25666 describes a limited situation in which the hearing *must* be continued until the minor can be present. It does not even purport to restrict the hearing officer's discretion in all other cases. Nor can we imagine any reason why the discretion to grant continuances should be severely restricted in Department cases in comparison with other state agency proceedings.

Hence, the Board was both right and wrong in this case. It was right in its earlier decisions, and wrong in *Purciel* and this instant case.

---

[8] Although, as enacted, section 25666 provided that the Department "shall" produce the minor, without exception, it did not provide for the sanction of dismissal. (See *DeYoung v. Commission on Professional Competence etc.* (2014) 228 Cal.App.4th 568, 576 [construing a statute as directory rather than mandatory if the statute contains no express consequence for noncompliance].)

## DISPOSITION

The decision of the Board is annulled.  The decision of the Department is reinstated and the case is remanded to the Board for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.