Filed 10/6/22  Diaz v. Gordon CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JHONNATAN I. LEMUS DIAZ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>STEVE GORDON, as Director, etc.<br><br>    Defendant and Respondent. | 2d Civil No. B318157<br>(Super. Ct. No. 21CV02534)<br>(Santa Barbara County) |

A California Highway Patrol (CHP) officer arrested Jhonnatan I. Lemus Diaz for driving under the influence of alcohol.  After an administrative hearing, the Department of Motor Vehicles (department) suspended Diaz's driver's license. Diaz appeals from the denial of a petition for writ of administrative mandamus upholding the department's ruling.[1] He contends the hearing officer abused his discretion and denied

---

[1] Steve Gordon is respondent as the Director of the Department of Motor Vehicles.  (*Gerwig v. Gordon* (2021) 61 Cal.App.5th 59, 64, fn. 3.)

due process in denying his motion to continue the administrative hearing.  We affirm and deny the request for attorney's fees.

FACTUAL AND PROCEDURAL HISTORY

A CHP officer observed Diaz driving erratically on the freeway.  The officer visually estimated Diaz's speed at 90 miles per hour, and the patrol vehicle's radar showed Diaz driving 92 miles per hour.

Diaz exhibited objective symptoms of intoxication and failed several field sobriety tests.  His preliminary alcohol screening (PAS) breath results registered at .127 and .133 percent alcohol.  He agreed to take an evidentiary breath test (see *People v. Vangelder* (2013) 58 Cal.4th 1, 5, fn. 1) and gave samples of .13 and .12 percent alcohol.  The officer issued an administrative per se driver's license suspension order.  (Veh. Code, § 13353.2.)

Diaz's counsel requested an administrative hearing regarding the license suspension.  (Veh. Code, § 13558.)  On May 5, 2021, counsel received notice that the hearing was set for June 9 at 11:15 a.m.  Diaz's counsel also received discovery consisting of the CHP officer's statement, the arrest report, the evidentiary breath test strip, and Diaz's driving record.  (Gov. Code, § 11507.6.)

Almost three weeks later, on May 25, Diaz's counsel mailed subpoenas duces tecum (SDT's) to the California Department of Justice (DOJ) and the CHP.  The SDT's ordered that the records custodians appear and produce documents at the June 9 hearing.  They further provided that the custodians were not required to appear in person if they produced the records with an affidavit compliant with Evidence Code sections 1560, 1561, and 1562.

On June 8 at 4:04 p.m., the DOJ faxed the department the

2

requested documents, consisting of Diaz's breath test; use, accuracy, and maintenance records for the breath testing instrument; and the CHP officer's breath testing training certificate and records.

On June 8 at 4:43 p.m., Diaz's counsel faxed the department a motion to continue the hearing. Counsel stated that his assistant contacted the DOJ on June 8 and was told the subpoenaed documents were faxed to the department that day. Counsel's assistant also contacted the CHP and the department on June 8 and was told that CHP had sent the subpoenaed records, but the department had not received them. Thus, Diaz sought to continue the hearing "to a future time and date."

The department's hearing officer faxed the DOJ documents to counsel the morning of the hearing at 9:55 a.m. Diaz's counsel stated he received them an hour and five minutes before the hearing.

The department received the documents from CHP the morning of the hearing at 11:16 a.m. Diaz's counsel received the CHP documents the day after the hearing. The CHP documents consisted of accuracy and calibration records regarding the PAS device, an audio and video recording from the CHP officer's patrol vehicle, and radar calibration and testing records.

Before the hearing began on June 9, the hearing officer denied the motion to continue because the department provided timely discovery in early May, and because the SDT's were untimely issued. The hearing began at 11:20 a.m. Over Diaz's counsel's objection, the hearing officer admitted into evidence the CHP officer's statement, the arrest report, the breath test results, and Diaz's driving record. Diaz's counsel declined to present evidence because he was "unprepared to go forward," "denied the

3

opportunity to review evidence," and "denied the opportunity to formulate arguments."

The hearing officer upheld the suspension. (Veh. Code, § 13558, subd. (f).) He found the CHP officer had reasonable cause to believe Diaz drove under the influence of alcohol with .08 percent or more by weight of alcohol in his blood. (Veh. Code, §§ 13558, subd. (c)(2), 13557, subd. (b)(3).)

Diaz challenged his driver's license suspension in a petition for writ of mandate in the superior court. (Veh. Code, § 13559, subd. (a); see *Lake v. Reed* (1997) 16 Cal.4th 448, 454.) Following argument, the court denied the petition. The court found the hearing officer did not abuse his discretion when he denied the motion to continue.

## DISCUSSION

### *Abuse of discretion*

An administrative hearing may be continued in the discretion of the hearing officer on a showing of good cause. (Gov. Code, § 11524, subd. (b); *Bussard v. Department of Motor Vehicles* (2008) 164 Cal.App.4th 858, 863-864 (*Bussard*).) Good cause to continue a hearing may be shown where the party has acted with "reasonable diligence." (*Bussard*, at p. 864.)

A request for judicial review is treated as a petition for writ of administrative mandamus and may be granted if the department failed to conduct "a fair trial" or there was a "prejudicial abuse of discretion." (Code Civ. Proc., § 1094.5, subd. (b).) The court may rescind the license suspension if "the department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination which is not supported by the evidence in the record." (Veh. Code,

4

§ 13559, subd. (a).)

On appeal, the "'appealed judgment is presumed to be correct . . . and prejudicial error must be affirmatively shown.'" (*Espinoza v. Shiomoto* (2017) 10 Cal.App.5th 85, 100.) "We review a ruling on a motion for a continuance for an abuse of discretion." (*People v. Lewis and Oliver* (2006) 39 Cal.4th 970, 1036.) "Such decisions will be upheld unless a clear abuse is shown, amounting to a miscarriage of justice. [Citations.]" (*Bussard*, *supra*, 164 Cal.App.4th at p. 863.) The issue is not whether we would have granted a continuance under these circumstances, but whether it "is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

The hearing officer here acted within his discretion. Diaz's counsel waited almost three weeks to issue the SDT's. The SDT's requested the documents be produced at the hearing on June 9. Rather than appear in person, the custodians were given the option to produce the documents in compliance with Evidence Code section 1560, which allows delivery "by mail or otherwise" "within 15 days after the receipt of the subpoena." (Evid. Code, § 1560, subd. (b) & (b)(2).) Even if the subpoenas were received the same day they were mailed, the records were not due until 15 days later, on June 9, the date of the hearing. Had counsel served the subpoenas earlier, the production date for the documents would have occurred before June 9.

Diaz cites Vehicle Code section 14104.5, which permits the hearing officer to issue SDT's before or after the hearing has commenced. But this section does not address a licensee's diligence in issuing an SDT before a hearing and whether there is good cause to continue the hearing.

Diaz also contends the denial of the continuance is motivated by "personal animus" of the hearing officer against Diaz's counsel. The record does not support this contention.

*Due process*

Diaz contends the denial of the continuance constitutes a violation of his due process right to a fair hearing. "'A challenge to the procedural fairness of the administrative hearing is reviewed de novo on appeal because the ultimate determination of procedural fairness amounts to a question of law.'" (*Hall v. Superior Court* (2016) 3 Cal.App.5th 792, 808.) There is no due process violation here.

"'[I]t is not every denial of a request for more time that violates due process even if the party fails to offer evidence.'" (*People v. Jenkins* (2000) 22 Cal.4th 900, 1039.) "[I]f the defendant cannot show he or she has been diligent in securing the attendance of witnesses, or that specific witnesses exist who would present material evidence, . . . the court's ruling denying a continuance does not support a claim of error under the federal Constitution." (*Id*. at pp. 1039-1040.) The hearing officer here acted within his discretion when he determined Diaz had not acted diligently to obtain documents before trial. Nor has Diaz shown he would have presented additional material evidence.

This case is unlike *Petrus v. Department of Motor Vehicles* (2011) 194 Cal.App.4th 1240 (*Petrus*), upon which Diaz relies. There, counsel requested discovery pursuant to Government Code section 11507.6, which required the department provide discovery "prior to the hearing." (*Petrus*, at p. 1244.) Counsel acted diligently by requesting discovery "approximately one month before the hearing." (*Ibid*.) The department provided the blood alcohol result to counsel minutes before the hearing. (*Ibid*.) The

6

court concluded the licensee was denied the due process right to "the full and fair opportunity to present a meaningful case." (*Ibid*.)

In contrast here, the department provided Diaz with discovery five weeks before the hearing. The DOJ and CHP complied with the SDT's by providing the documents within 15 days of receipt. Diaz's counsel did not act with diligence to ensure the documents would be provided earlier.

Nor has Diaz shown the discovery was necessary "to present a meaningful case." (*Petrus*, *supra*, 194 Cal.App.4th at p. 1244.) Diaz's counsel stated that he always reviews documents that "go[] to multiple Title 17 compliance issues that are definitely relevant in any given proceeding." But he does not contend the documents provided here show regulatory violations that would have cast doubt on the tests' reliability or would have rebutted the presumption that the tests were valid. (See *Gerwig v. Gordon*, *supra*, 61 Cal.App.5th 59.) Accordingly, "no prejudice resulted" from the denial of continuance. (*Bussard*, *supra*, 164 Cal.App.4th at p. 865; see *Rebney v. Wells Fargo Bank* (1990) 220 Cal.App.3d 1117, 1141-1142 [denial of continuance upheld viewing potential prejudice in hindsight].)

Moreover, denial of the continuance was harmless. "No judgment shall be set aside . . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.) Diaz makes no showing that the subpoenaed documents refute the evidence that the CHP officer had reasonable cause to believe Diaz drove under the influence and was lawfully arrested.

7

*Attorney's fees*

Diaz requests attorney's fees. He is not entitled to attorney's fees because the administrative determination is not "arbitrary or capricious," and he did not "prevail[] in the civil action." (Gov. Code, § 800, subd. (a).)

DISPOSITION

The judgment is affirmed. Respondent shall recover costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

PERREN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____

Law Offices of William C. Makler and William C. Makler; Law Offices of Andrew F. Alire and Andrew F. Alire for Plaintiff and Appellant.

Rob Bonta, Attorney General, Chris A. Knudsen, Assistant Attorney General, Kenneth C. Jones and Anthony William Gomez, Deputy Attorneys General, for Defendant and Respondent.